# CHARLESTON.

BRALLEY, ADM'R, *v.* NORFOLK & WESTERN RY. CO.

Submitted March 11, 1909.   Decided December 14, 1909.

1.   NEGLIGENCE—*Pleading—Declaration.*
     In actions for negligence, a declaration, charging the defend-

ant with a specific act, injurious to the plaintiff, and averring generally negligence in the performance of the act, is sufficient. It need not set out in detail all the specific acts, constituting the negligence complained of.    (p. 464).

2.  PLEADING—*Conclusions of Law—Negligence.*
    In such connection, the general averment of negligence is one of fact, and not a conclusion of law.   (p. 464).

3.  RAILROADS—*Injuries to Licensee—Duty of Railroads.*
    A mere licensee of a railway company, not in its employ, using the track for his own purposes, as for a foot or walk way, assumes in the exercise of his privilege, all the risks incident to such use of the track, and the railway company owes him no greater duty of protection than if he were a trespasser.   (p. 467).

4.  SAME—*Injury to Drunken Trespasser—Instructions.*
    In the trial of an action against a railway company for the negligent killing of an intoxicated person on its track, it is error to instruct the jury that the company is liable for injuries to such person "when, after the negligence in going upon the track, the engineer of the train, by the exercise of ordinary care, could have avoided the injuries to him," in this, that it ignores the important element of knowledge, on the part of the engineer or any servant of the company in charge of the train, of the drunkenness of the trespasser.   (p. 468).

Error to Circuit Court, McDowell County.

Action by E. C. Bralley, administrator, against the Norfolk & Western Railway Company. Judgment for plaintiff, and defendant brings error.

*Reversed and Remanded.*

*Wyndham Stokes* and *Graham Sale,* for plaintiff in error.

*Cook & Howard,* for defendant in error.

POFFENBARGER, JUDGE:

On its writ of error to a judgment of the circuit court of McDowell county for $1,500.00, in an action of trespass on the case by E. C. Bralley, administrator of the estate of Charles Snodgrass, the Norfolk & Western Railway Company assigns a number of errors, the first of which is predicated on the overruling of its demurrer to the declaration.

There are two counts in the declaration, each of which charges that the defendant, by and through its servants and employes,

negligently and carelessly drove and ran its locomotives, engines, tenders, railroad cars and carriers against, upon and over the decedent, whereby said decedent then and there received severe and fatal wounds and injuries, by reason of which he died. The first count fails to say the deceased was on the track of the defendant at the time of his injury, but the second count states this fact. The latter differs from the former in another particular. It charges a license or permission to the general public, by the defendant, to use its tracks, at the place at which the injury occurred, as a foot or walk-way, and consequent duty to give warning of the approach of its trains at that place and keep a lookout for the presence of licensees on the track. The first count is said to be defective because of its failure to show that the deceased was on the track and its alleged failure sufficiently to specify acts of negligence on the part of the defendant. It does show the means by which, or the manner in which, the injury was inflicted, namely, by negligently driving engines and trains against, over and upon the deceased. Further specification was possible, of course. It might have been charged that the servants of the company, seeing the man upon the track in ample time to have given him warning of the approach of the train, failed to do so, or, having given the warning and seeing him in an apparently helpless or oblivious condition and unresponsive to the warning, wilfully ran the train upon him, and the necessity of such further specification is insisted upon. Under our decisions, and according to the great weight of authority throughout the country, this is not demanded by the rules of pleading. These circumstances are deemed and held to be mere matters of evidence, not the primary or main cause of injury. It suffices to show by what instrumentality the injury was inflicted and then say it was negligently done. Both of these counts comply with this requirement. So used, the word "negligently" signifies fact, not law, though it is susceptible of legal signification. Neither the running of an engine nor the killing of a person in so doing is necessarily negligence, but, if it be alleged that the injury was done by the negligent running of a train over or against a person, the allegation is one of fact, respecting the manner of running the train. They say the company, by and through its servants, negligently and care-

lessly killed the deceased by running its train over him. It would not do to say merely that it negligently killed him without indicating in what manner. A declaration, giving no intimation as to how the injury was done, would put the defendant at a great disadvantage. It could not know whether the object of the action is damages for wrongful death by running a train over the person killed or by means of a spring gun or pitfall, dangerous to licensees, and wrongfully maintained on the premises, or other cause wholly foreign to the operation of its trains. The declaration must give notice of the nature of the cause of action, specifying in general terms the means or instrumentality of the injury, but it need not go beyond this and indicate what evidence is to be introduced or relied upon as to matters of detail. Such a requirement in the rules of pleading would place undue restrictions upon the plaintiff and hamper him in the presentation and trial of his case, and this, without any corresponding advantage to the defendant, other than the disadvantage thrown in the way of the plaintiff. If the plaintiff were bound to indicate, in some count in the declaration, the particular ground of negligence, or point out the nature and character of the evidence to be introduced, he would be precluded from recovery in many instances, by a slight variance of the proof from the declaration, in cases, so plain upon the evidence, and so clearly within the general scope of the declaration, as to make it perfectly obvious that the defendant was not in the least embarrassed or injued by the generality of the charge, and that the plaintiff had an undoubted right to a verdict. This would be needlessly sacrificing substantial right to mere technicality and form. Some of the decisions cited in the brief go to this extent, but they are, in our opinion, contrary to the great weight of authority and wholly at variance with the rules adhered to by this Court. *Veith* v. *Salt Co.,* 51 W. Va. 96; *Bias* v. *Railroad Co.,* 46 W. Va. 349; *Snyder* v. *Wheeling &c. Co.,* 43 W. Va. 663; *Davidson* v. *Railroad Co.,* 41 W. Va. 407; *Poling* v. *Railroad Co.,* 38 W. Va. 645. "The rule is wellnigh universal that, in an action for negligence, the plaintiff need not set out in detail the specific acts constituting the negligence complained of, as this would be pleading the evidence. A general averment of negligence in the particular act

complained of, resulting in damages, is good, at least as against a general demurrer. Accordingly, a declaration specifying the act, the commission or omission of which caused the injury, and averring generally that it was negligently and carelessly done or omitted, will suffice." 14 Enc. Pl. & Pr. 333-4. "While there is not entire harmony in the adjudicated cases as to the proper method of pleading negligence, the rule sustained by the weight of authority is that, negligence being the ultimate fact to be pleaded and not a mere conclusion of law, a declaration or complaint charging defendant with an act injurious to plaintiff, with a general allegation of negligence in the performance of the act, is sufficient, at least as against a general demurrer for want of sufficient facts, without stating the details or particulars of the act causing the injury, unless the particular acts alleged are such that they could not be negligent under any possible state of facts or circumstances provable under the allegations of the complaint, or the contrary appears from the facts pleaded; and that, under such allegation, any evidence tending to show that the act was negligently done may be admitted." 29 Cyc. 570-71. The text quoted from both of these works is fully sustained by a long list of decisions cited. See also *King* v. *Railroad Co.,* 59 L. R. A. 209, mon. note, p. 225. The lack of an averment in the first count of the occupancy of the track by plaintiff's decedent is, in our opinion, immaterial, although it has been otherwise decided by a reputable court. His presence on the track as a trespasser would impose no special duty upon the defendant. It would establish no particular relation between them, material upon the issue of negligence. It would be the duty of the railroad company to abstain from wilful injury to him, and, under some circumstances, to take precautions for his safety, whether on the track or standing by the side of it. The averment is that the defendant negligently ran its train over and upon him. Under any conceivable state of circumstances, this would be a wrong, if it happened. The averment of a license and consequent duty, found in the second count of the declaration, may be regarded, upon the. inquiry as to its sufficiency, as mere surplusage, not vitiating it.

In the trial of the case no effort seems to have been made to impose a special duty upon the defendant by reason of the al-

leged license, but, as the case must be remanded for a new trial, because of an error hereinafter to be noted, we deem it expedient to say nothing of the kind can be predicated upon it. That question was settled in this Court a long time ago. *Spicer* v. *Railway Co.;* 34 W. Va. 514; *Huff* v. *Railway Co.,* 48 W. Va. 45.

The other rulings complained of pertain to the evidence and instructions. When struck by the engine, the plaintiff was on the track and drunk. There is testimony tending to prove that he came on the track and was seen, by the fireman, in ample time to have given him warning of the danger. The fireman says he saw him walking between the tracks about twenty car lengths ahead of the engine, and that he suddenly staggered on to the track four or five car lengths, 200 or 250 feet or less, according to his testimony, ahead of the engine. The engineer says the speed of the train, consisting of two engines and a cab, was twelve or fifteen miles an hour, and it could have been stopped within 200 feet. The fireman is corroborated, to some extent, by other witnesses who say, respectively, Snodgrass was walking between the tracks, or on the east bound track, until shortly before he was killed. Still others say he was walking on the west bound track in front of the engine from the time it came in sight. One or two of them say the whistle was sounded in ample time for him to have gotten off the track and that, noticing the alarm, he looked back over his shoulder at the train, but made no effort to get off. Others say the alarm was given only when the train was almost upon the man. The trainmen do not testify to the giving of any alarm by the whistle or the bell. According to the testimony of the fireman, there was no time for the engineer to do anything more than apply the brakes, after he notified him of the emergency. The engineer says he applied the brakes and did all in his power to stop the train after seeing the man. Whether Snodgrass was on the track or between the tracks, there is much testimony to the effect that he was staggering from side to side, a fact which, being observed by the trainmen, may have been sufficient to have imposed upon them a special duty under the circumstances, in respect to the giving an alarm, and thereafter observing the

conduct of the man, to determine whether he heard it or appreciated its significance.

A motion to exclude the plaintiff's evidence was overruled and an instruction to find for the defendant was refused. In view of the character of the evidence, we are of the opinion that the court did not err in either of these rulings. The fireman, although protesting that the man was between the tracks and suddenly staggered upon the one upon which the train was running, is silent as to anything he may have observed in his conduct, while other witnesses say he was drunk and staggering, and, therefore, in a dangerous situation, although not actually upon the track. If the testimony of the witnesses who saw this is true, and the jury may have believed it, likely the fireman also saw it and became in duty bound, as a representative of the company, to communicate it to the engineer, who says he did not see the man in time to save him, whereupon it would have been the duty of both, not only to give warning, but also to bring the train under sufficient control to enable them, on seeing his oblivious or helpless condition, to prevent the injury to him. Although it is well settled that, ordinarily, trainmen, observing an adult on the track, may, presuming him to be in the possession of his faculties and of sufficient prudence to suggest means of his own safety, give warning signals and proceed without reduction of speed, on the assumption that he will make use of his faculties and prudence and leave the track in time to avoid injury, they cannot do this, if there is anything in the situation or circumstances, reasonably suggesting the contrary of the usual presumption. If the trespasser's mind is apparently absorbed in thought or study, or he is seen to be engaged in conversation, or seems to be asleep, or fails to respond in any way to the signal, additional measures of precaution must be adopted, such as repetition of the signal, and, if necessary, the checking of the speed of the train. *Kelley* v. *Railroad Co.,* 59 W. Va. 225; *Teel* v. *Railroad Co.,* 49 W. Va. 85; *Raines* v. *Railroad Co.,* 39 W. Va. 50.

Plaintiff's instructions Nos. 1, 2 and 3 were objected to. We observe no defect in the first and last of these, but, in our opinion, the second is wrong. It reads as follows: "The Court instructs the jury that a railway company is liable for injuries

to an intoxicated person upon its track when, after the negligence of such person in going upon the track, the engineer of the train, by the exercise of ordinary care, could have avoided injuries to him." Attempting to state the special duty of a railway company, arising from the presence of an intoxicated person on its track, it leaves out the important element of knowledge, on the part of the servants of the fact of intoxication. There are many degrees of intoxication. It may not be apparent to a man, looking at the inebriate from a distance. He may be intoxicated and yet the outward manifestation of this may be in his conversation only, and not in his manner of walking or other conduct. This instruction would impose a duty upon the railway company, whether the intoxication was manifest to the trainmen several hundred feet away or not. It imposes upon the engineer of the train the exercise of ordinary care, when an intoxicated person is upon the track, whether he knew, or had reason to believe, him to be intoxicated or not. Having examined all the other instructions given and seeing nothing in any of these to supply this omission, we are of the opinion that the court plainly erred in giving this one.

Insistence upon error in the giving of plaintiff's instruction No. 3 calls for comment upon it. By it the jury were told they should assess such damages as they should deem proper under the circumstances of the case, not in excess of $1,900.00, the amount laid in the declaration, in case they should find for the plaintiff. The argument against it is that it suggests power in the jury rightly to assess the amount specifically named. In that view we do not concur. It authorizes such assessment only in case the jury deem it proper under the circumstances, and tells them they may render their verdict for any other sum, less than that, if they deem it proper. The meaning of the instruction is plain and we are not to presume an intelligent jury could not understand it or would give it an absurd interpretation. It differs materially from the instruction disapproved in *Gilbertson* v. *Street Ry.*, 14 App. Div. (N. Y.) 294, and, besides, the injuries are different, this being death, and the other injury to a living person.

It is said the court erred in refusing defendant's instruction No. 6, which attempts to set out the presumption, arising on

the discovery of a person on a railroad track, apparently in the possession of his faculties. This law would be applicable, if properly stated, but the instruction improperly assumes as true a controverted fact. It contains this recital: "having given signals as required." This is not hypothetically stated and, as to whether signals were given, there was controversy and conflict in the evidence. We think, therefore, the instruction was properly refused. Instruction No. 7 contains this clause: "If an adult person is killed on the right of way by a railroad train, the company cannot be held liable, until it be shown that such person was in a helpless condition, and that the engineer had kowledge of such helplessness in time to have stopped his train to have prevented such killing." The defects in this are obvious. It would absolve the railway company from duty to give warning after having seen a trespasser on the track and in danger. There are many instances in which the killing of an adult person, not in a helpless condition, by a railway train, on its right of way, is negligent and actionable. It is not necessary to specify these instances, since they are apparent to any thoughtful mind. This instruction is binding, saying the company cannot be held liable until it be shown that the person killed was in a helpless condition and the engineer had knowledge of the fact.

For the error aforesaid, the judgment will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and Remanded.*