# CHARLESTON.

### BASSFORD, ADM'R., *v.* P. C. C. & ST. L. RY. CO.

Submitted June 11, 1910. Decided February 6, 1912.

RAILROADS—*Injury at Crossing.*

> It is negligence for a pedestrian at a crossing to step in front of an approaching train when the train is in full view and so near that no prudent man would undertake to cross, notwithstanding those in charge of the train may be negligent in running at an excessive speed or in failing to give signals. No recovery can be had for injury received under such circumstances.

Error to Circuit Court, Brooke County.

Action by Crawford Bassford, administrator, against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. Judgment for defendant and plaintiff brings error.

*Affirmed.*

*J. O. Hertzler* and *J. C. Palmer,* for plaintiff in error.

*J. B. Sommerville,* for defendant in error.

ROBINSON, JUDGE:

Plaintiff's decedent was killed by a train of the defendant company at a railroad crossing on one of the streets in Wellsburg. The action is for the recovery of damages on the ground of alleged negligence in running the train so as to cause the loss of life. At the trial, the court sustained defendant's motion to exclude the evidence offered by plaintiff, as being insufficient to maintain the issue on his part, and diretced a verdict for defendant. Plaintiff insists that the evidence introduced by him warranted the submission of the case to the jury. He seeks a reversal and a new trial.

There is no error. The case is ruled by principles enunciated in *Riedel* v. *Traction Co.,* 63 W. Va. 522. The evidence was properly excluded. It proved that plaintiff's decedent came to his death by his own contributory negligence. Two minds cannot reach different conclusions on the facts proved in this particular. The act of the unfortunate young man in stepping on the track at one side of the crossing when the engine was already at the other side of the crossing was unquestionably contributory negligence. He could have seen the train if he had looked before stepping on the track. There was nothing to obstruct his full view of the train as he approached the track. His faculties of sense were good. Others, from positions no better than his, saw the train approaching. Its bright headlight was clearly discernible. The evidence is conclusive that he either failed to look or assumed a deadly risk in attempting to cross the track in front of the train. There is no conflict of evidence in this regard. Decedent negligently attempted to cross the track when the train in plain view was so near him that no prudent man would have taken the risk. If the jury had found a verdict for plaintiff, it would have been the duty of the court to set aside the same.

That those in charge of the train may have been negligent in running the train at an excessive rate of speed, or in failing to give signals, does not alter the case. No one is excusable for stepping in front of a train, though it is negligently run, when it is only a few feet away and he can plainly see it. He assumes the risk when he does. It is his duty to look and to exercise the prudence which the situation demands. Before

crossing a railroad track a person should look both ways and listen for an approaching train. This duty he must perform whenever its performance is reasonably certain to avail. Generally, diversion of attention does not excuse the performance of the duty; nor does misconduct on the part of the railway company excuse that performance. Patterson on Railway Accident Law, sec. 179; Beach on Contributory Negligence, secs. 180, 181.

Let the judgment be affirmed.

*Affirmed.*