# CHARLESTON.

LONG v. POCAHONTAS CONSOLIDATED COLLIERIES COMPANY.

Submitted January 29, 1919.   Decided February 11, 1919.

1. PLEADING—*Variance—Amendment After Verdict.*

Where on a trial objections are timely made to the introduction of evidence upon the ground of variance, or the question of such variance is otherwise seasonably presented, the pleader should not be permitted to amend his declaration or other pleading after verdict.   (p. 383).

2. SAME—*Variance—Waiver.*

Where the declaration or other pleading states a good cause of action, but broader than the contract or other liability proven, objection to the evidence or motion to exclude based on variance, not specifically stated to be on that ground, should after verdict be treated as waived and be disregarded.   (p. 384).

3. SAME—*Variance—Form of Objection.*

Objection to evidence or motion to exclude based on variance should be specifically stated in the objection or motion and not concealed under a general objection or motion, and after verdict the objection should be treated as coming too late and as waived.   (p. 384).

4. SAME—*Variance—Cure by Verdict—Amendment.*

If the evidence adduced on the trial by plaintiff or defendant shows a good cause of action or defense, a defect in the pleading should be regarded as cured by the evidence when after verdict either of the parties seek an advantage based on variance, or the pleader should be permitted to amend his pleading to correspond with the proof, and if no substantial rights of the parties will be injuriously affected thereby, the verdict or judgment should not be disturbed.   (p. 384).

5. MASTER AND SERVANT—*Tools and Appliances—Contributory Negligence—Jury Question.*

A master is bound to use reasonable care to provide his servant with reasonably safe machinery and implements with which to discharge his duties, and unless the defect occurs in the use thereof by the servant and is slight and easily remedied by the servant, the master will be liable to the servant for injuries sustained by him on account of such defect, unless it be clearly shown that under all the circumstances the defect was open and apparent and that the servant should by the reasonable use of his

faculties have discovered the defect in time to avoid the injuries, generally a question of fact for the jury. (p. 386).

(WILLIAMS, JUDGE, dissenting in part).

Error to Circuit Court, Mercer County.

Action by J. A. Long against the Pocahontas Consolidated Collieries Company. Verdict for plaintiff, and from a judgment setting aside the verdict, and awarding defendant a new trial, plaintiff brings error.

*Reversed, verdict reinstated, judgment for plaintiff.*

*Minter & Minter* and *Sanders, Crockett & Kee,* for plaintiff in error.

*S. C. Graham* and *A. W. Reynolds,* for defendant in error.

MILLER, PRESIDENT:

This writ of error was awarded plaintiff to the judgment of the circuit court setting aside the verdict of the jury in his favor for ten thousand dollars and awarding defendant a new trial.

The record does not clearly disclose the ground or grounds upon which defendant was awarded a new trial. Of the grounds assigned the following only are now urged or relied on in support of the judgment: (1) the refusal of the court to give instructions 1A, 4 and 5 as propounded by defendant; (2) that the verdict was contrary to the law and the evidence. And as probably covered by these grounds the point is here urged that there was a fatal variance between the averments of the declaration and the proof, justifying the judgment.

The record shows that after the verdict and motion for a new trial and before judgment plaintiff asked but was denied leave to amend his declaration in certain particulars, so as to cure any defect or error therein and make it conform to the case proven by the evidence. The suit was for damages for personal injuries sustained by plaintiff while employed in defendant's coal mine in the state of Virginia, due to the alleged negligence of defendant. The specification of negligence in the first count was that defendant permitted large quantities of slate, refuse, coal and other materials to

be hauled along the haulways and tracks over which plaintiff was required to haul the coal, and because of the defective car on which he was riding in the discharge of his duties, he was thrown off and fell upon the said refuse, coal, slate and other accumulations in the mine and because of such obstructions he was unable to get out of the way of the car, and thereby received his injuries. The negligence averred in the second count is that defendant provided and permitted to be loaded with coal the car on which plaintiff was riding in discharge of his duties defectively equipped with a chain and latch, which chain was too long to hold the end gate of the car when locked and in course of transportation securely in place as required to prevent injury to employees, and by reason whereof said gate or swinging door under the pressure of the load was caused to swing out over the bumpers of the car, pushing plaintiff and causing his feet to slip off the car and throwing him under the wheels, and doing him the injuries of which he complains. The third count avers a defect in the brakes of said car, so that when plaintiff riding thereon as alleged reached a point where the grade was heavy he was unable by reason thereof to check the speed of the car upon reaching an abrupt curve in the track, whereby he was jerked and thrown off the car and injured as alleged.

Each of these counts erroneously avers that it was the duty of the plaintiff to dig down the coal in the mine and load it on to the mining cars of defendant. Among the other duties of his employment as alleged was to haul the coal from the place where it was loaded into said cars to what is termed ''The Loaded Branch,'' being a point in the said mines where he was instructed by the defendant to place all loaded cars under his control.

On the trial the evidence of plaintiff and defendant was that plaintiff's employment was to haul the coal, set props and lay track, and that it was no part of his contract to dig, mine and load coal as erroneously alleged and as the evidence on both sides proved, and so plaintiff proposed after verdict and before judgment to so amend each count of his declaration by striking out the redundant words, but the court

denied him his motion and sustained defendant's motion to set aside the verdict and award it a new trial.

The first question for consideration in logical and orderly sequence, it seems to us, is, was the judgment below properly predicated on the supposed variance between the allegata and probata? It is not denied that the redundant averments were material, for if plaintiff's contract included digging and mining the coal and loading it into the cars, his rights would be measured by different rules than those applicable to a mere hauler of coal; but the declaration is broad enough in its averments to cover the contract as proved. The case seems to have been tried and submitted to the jury on the two issues; (1) whether the car in question was defective in the particulars alleged in the second count, (2) was plaintiff guilty of negligence which was the proximate cause of his injuries? It does not appear from the record that plaintiff undertook to sustain his case under the first and third counts.

At no time during the progress of the trial did the defendant object to the plaintiff's evidence or any part of it on the ground of variance. Plaintiff proved by his own evidence the contract just as it was subsequently proved by witnesses for the defendant, and it is quite evident that the question of variance was an after thought of defendant, probably suggested for the first time on the motion for a new trial, for according to the record variance was not made a special ground for a new trial, nor was it made the ground of a motion to strike out the evidence or the subject of an instruction to the jury. Nor was the question presented in any other way unless by the peremptory instruction, denied, to find for defendant, or by the motion to set aside the verdict because contrary to law and the evidence. It is contended on behalf of defendant that the motion to amend came too late and that the variance was fatal.

The general rule, according to the common law and our statutes, sec. 12, ch. 125, and sec. 8, ch. 131, of the Code, undoubtedly is that when upon the trial objections are timely made to evidence upon the ground of variance, or the variance is otherwise presented upon time, the pleader should not

be permitted to amend after verdict.   *Lawson* v. *Williamson Coal & Coke Co.*, 61 W. Va. 669, 680.

But when as in this case the declaration states a good cause of action, but states the contract of employment broader and as imposing duties not covered by the contract proven, the defect of pleading after verdict should be regarded as waived or cured by the statute of joefails.   Sec. 3, ch. 134 of the Code.   The objection on the ground of variance after verdict comes too late and should be disregarded.

The proper way to take advantage of a variance between allegata and probata is not after verdict, working a surprise and injustice on the opposite party, but to object to the evidence when first offered or by a motion to strike out, so that the pleader if he desires may exercise his rights of timely amendment, given by the statute.   And we think that sound and orderly rules of practice require that such objection and motion to exclude predicated on variance should specifically state the ground and should not be regarded as covered by some general objections or a motion entered to catch the court or the opposite party in reversible error not specifically pointed out on the trial.   Our decisions, we think, fully support this proposition.   *Long* v. *Campbell*, 37 W. Va. 665; *Dresser* v. *Transportation Co.*, 8 W. Va. 553; *Harris* v. *Lewis*, 5 W. Va. 575; *Davisson* v. *Ford*, 23 W. Va. 617; *Bluefield* v. *McClaugherty*, 64 W. Va. 536; *State* v. *Hood*, 63 W. Va. 182.   And in Virginia the rule is definitely stated that if no objection is made to the admissibility of evidence on account of the failure to support the issue and no motion is made to exclude it on account of the supposed variance, the objection is deemed to be waived.   And this rule is reaffirmed with even more exactness in *Taliaferro* v. *Shepherd*, 107 Va. 56, 57 S. E. 585.

Moreover, oceans of judicial decisions are cited by numerous text writers and annotators for the proposition that when no vested rights will be disturbed, nor the cause of action or defense substantially destroyed, or the theory of the case altered, amendments should be permitted at any time before or after trial if substantial justice will thereby be promoted. 21 R. C. L. 577; Burks' Pleading and Practice, §312; *Elling-*

*house* v. *Ajax Live Stock Co.,* (Mont.) L. R. A. 1916D, 836,
and elaborate note beginning on page 841. And as particu-
larly applicable in appellate courts the writer of the note at
page 843, citing a long line of decisions from many states,
some perhaps controlled by statute, says: "Under these
circumstances (those noted), it is generally held that the judg-
ment will not be reversed because of defects or omissions in
the pleadings which are supplied by the proof or the plead-
ings of the adverse party, or because of variance between
the pleadings and the proof, if the sufficiency of the pleadings
was not properly challenged in the lower court, or the evi-
dence was introduced without objection, or the defect or
variance appears clearly not to have affected the substantial
rights of the parties; but the pleadings may be amended in
the appellate court to support the judgment, if necessary,
or the amendment will be deemed made. The rule has become
elementary, it has been said, that 'if a good cause of action
has been established upon a trial and all controversies in ref-
erence to the matter are fully tried without objection, and
such cause is within the jurisdiction of the court and might
have been, but was not, fully pleaded, or was not the partic-
ular cause of action the pleader had in mind at the outset,
though the facts are fairly stated, the complaint may on
appeal be deemed amended in accordance with the judg-
ment.' " In Massachusetts, in *Lemay* v. *Springfield Street
Ry. Co.,* 210 Mass. 63, where the facts were quite similar to
those presented here, it was held that "as the declaration
stood at the trial the instructions requested by the defendant
should have been given, but, as upon a proper declaration the
defendant would have been liable if the accident was caused
by a defect in the car which by proper inspection might have
been discovered and remedied, and as the case appeared to
have been submitted to the jury fairly on this question, an
amendment of the declaration so as to present this issue
would cure the error without resort to a new trial which jus-
tice did not require;" and it was ordered that if the plain-
tiff's declaration should be amended so as to properly pre-
sent the issue, the defendant's exceptions should be overruled,
otherwise they should be sustained.

We are of opinion therefore, upon reason and authority, that as no objection to the evidence for a variance was at any time interposed, nor any motion made to exclude on this or any other ground, the plaintiff was erroneously denied the right to amend his declaration as proposed, even after verdict, and if not that, the court, a good cause of action being established by the proof, should have disregarded the defect in the pleadings and entered judgment on the verdict in favor of plaintiff, without the necessity of a new trial.

The next inquiry is, was plaintiff entitled to a verdict and judgment on the facts proven under the second count averring a defective car? One theory of the defendant was that although the car may have been defective in the particular alleged, the defect was not the proximate cause of plaintiff's injuries, but was the result of his own negligence in attempting, while the car was in motion, to reach out and get his dinner bucket setting on a ''gob pile'' in the haulway, whereby he lost his balance and fell under the car. The other theory was that the defective condition of the car was so plain and obvious, owing to the wooden block stuck in between the chain and end gate, that plaintiff was bound to use his senses and take notice thereof, and not having done so, he violated rules of the defendant made for his safety, and assumed the risk incident to riding on the car so dangerously equipped and loaded.

The evidence on these two theories of defendant, however, was decidedly conflicting. Plaintiff and another employee riding on the same car swear that the car was defective and that plaintiff was injured substantially as alleged in the declaration. Both swear that plaintiff succeeded in getting his bucket and landing safely back in his position on the bumper of the car. And the evidence of some of the defendant's witnesses tends to show that the car had run quite a distance from the place where plaintiff had gotten his bucket to the place where he had been pushed off and fallen under the car. Defendant undertook to contradict Hodge, the other witness for plaintiff, by a previous statement in writing claimed to have been made by him, but we do not think it clearly does so. Besides, on cross-examination he swore he did not make

a different statement, and both he and the scrivener who took down the statement agree in saying that after it was written down it was not read to or verified by the witness. Two or three witnesses for defendant say that when called to assist in getting plaintiff from under the car, or the next day when they examined it, the car was in good shape, that the end gate was fastened and that no coal had run out on the ground. Their evidence on these questions however did not agree with previous statements made by them in writing at the request of counsel for plaintiff, the signatures to which they would not distinctly admit or deny, though on cross-examination they did admit that they had made statements in writing about the time specified. These witnesses were all employees of defendant. On rebuttal witnesses for plaintiff present at the time, swear that the statements were made, reduced to writing and read over to the witnesses and signed by them. No witness swears that the chain to hold the end gate was not too long. One witness for defendant at least admits that the slack was taken up with a block of wood as claimed by plaintiff. So that we do not think the circuit court was justified in disturbing the verdict on the ground that it was contrary to the evidence tending to show a defective car and that plaintiff's injuries were the result thereof, but was the result of his supposed negligence in attempting to secure his bucket while the car was in motion. If the chain was too long to properly and securely hold the load, and the slack of the chain had to be taken up by the block of wood as stated, which was liable to fall out, we think the master was liable for consequential injuries to plaintiff.

Counsel for defendant say, however, that the defect, if proven, was trivial and easily remedied by plaintiff if he had observed due care and the rules of the defendant formulated for his safety, and they would bring the case within the rules and principles of *Martin* v. *Carter Coal & Coke Co.,* 75 W. Va. 653, and *Priddy* v. *Coal Co.,* 64 W. Va. 242. In the first case a draw bar or draw head had been bent in the use of the car by plaintiff, which was easily remedied by him. We held in that case, citing numerous decisions, that for injuries thus sustained by a servant's own negligence the master is

not liable. But the rule is different where a defective instrument or appliance is supplied by the master and is not rendered defective in the use thereof by the servant, as in the Martin case. In such cases the master is not relieved from his common-law or statutory duty to use due care to furnish his servant with reasonably safe machinery and appliances and to keep them in repair. We do not see that the rules of the company relied on were in any way violated by plaintiff.

But was plaintiff guilty of contributory negligence precluding recovery? Of course if the servant knowing of the defect in a machine or other instrument continues to use it, as a general rule he assumes the risk, and the master is not liable for the injuries thus incurred. In this case plaintiff swears that though he had his carbide lamp in his cap he did not see the defective condition of the car, and under the facts and circumstances of a dark mine we are unable to say he could and should have seen the defect. The evidence does not clearly show that it was so obvious that plaintiff by the reasonable exercise of his senses should have discovered it and remedied it before riding the car. We think under all the circumstances shown in evidence the facts involved were for the jury and not for the court. In *Priddy* v. *Coal Company* the defect in the platform was open and apparent; plaintiff had passed over it several times on the day of his injuries; the platform was being repaired, and we decided that he was bound to use his eyes and look for his own safety, and not having done so his negligence was the proximate cause of his injuries.

Lastly, was any error committed to the prejudice of defendant in the instructions? Three were given for defendant and three refused. Instructions 1, 2 and 3, given, fully covered defendant's theories, or a violation of the rules, contributory negligence of plaintiff in getting his bucket off the gob pile, and the law respecting the burden of proof. Of those offered and refused, Number 1A would have told the jury that the evidence was insufficient to entitle the plaintiff to a verdict, clearly a wrong conclusion as we have already indicated in our review of the evidence. Instruction Number

4 was too broad on defendant's theory that the defect in the car indicated by the block of wood between the end gate and the chain was so open and obvious that plaintiff should be chargeable with negligence in hooking on to it. It did not properly submit to the jury whether under the circumstances of the mine plaintiff was guilty of negligence in not observing the defect in time to avoid the dangerous condition of the load. Instruction Number 5, on the theory that the loader of the car was a fellow servant of the plaintiff, was clearly bad. If the car was defective, the responsibility was that of the master, and the doctrine of fellow servancy has no application.

Our conclusion is to reverse the judgment, reinstate the verdict, and without the intervention of a new trial to pronounce judgment in favor of plaintiff and against defendant for the sum of ten thousand dollars according to the verdict of the jury, with interest from the 23rd day of May, 1918, the date of the verdict, being such judgment as we think the circuit court should have pronounced, with costs incurred by him in the circuit court and in this court in this behalf expended.

*Reversed, verdict reinstated. Judgment for plaintiff.*

Williams, Judge, dissenting in part:

I do not concur in so much of the opinion as holds that plaintiff is entitled to interest from the date of the verdict.

This is a tort action, and there is no provision in the statute for allowing interest in such cases prior to the date of the judgment. Sections 14 and 16 of chapter 131, Code of West Virginia, relate only to actions *ex contractu,* hence the amendment of those sections in 1882, so as to allow interest from the date of the verdict, did not change the rule as to interest in actions *ex delicto.* The cases of *Hawker* v. *B. & O. R. R. Co.,* 15 W. Va. 628, and *Fowler* v. *B. & O. R. R. Co.,* 18 W. Va. 579, are binding authority notwithstanding the subsequent amendment of the statute. *Talbott* v. *W. Va. & P. Ry. Co.,* 42 W. Va. 560, and *Easter* v. *Virginian Ry. Co.,* 76 W. Va. 383. *Campbell* v. *City of Elkins,* 58 W. Va.

308, conflicts with the foregoing, but the opinion does not mention the Talbott case, which was decided after the statute was amended.