# CHARLESTON.

LAWRENCE WEHRLE v. WHEELING TRACTION COMPANY.

Submitted January 20, 1920.    Decided January 27, 1920.

1. NEGLIGENCE—*Proof and Charge on Supervening Negligence Proper.*

   When in an action for damages for personal injuries the averments of the only count in the declaration, properly interpreted, amount to a general charge of negligence, and specific acts of negligence are also averred, the plaintiff can not be limited in his proof to the specific acts averred; and when the defendant by evidence introduces the defense of contributory negligence, the plaintiff may under such declaration offer evidence, and the jury may be instructed, if the evidence justifies it, on the theory of the supervening negligence of the defendant as the proximate cause of plaintiff's injuries.    *Hawker v. B. & O. R. R. Co.*, 15 W. Va. 628, distinguished.    (p. 399)

2. STREET RAILROADS—*"Immediately" In Instruction on Contributory Negligence in Starting Across Track Construed as Fairly Descriptive of Acts.*

   The use of the word "immediately" in an instruction to the jury, intended to describe the conduct of the plaintiff in starting across the track of a street railway after seeing the approach of the car which did him the injury, there being no evidence of delay therein, is fairly descriptive of his acts, and the instruction being otherwise good in law is not thereby rendered erroneous.    (p. 401).

3. DAMAGES—*$5,000 for Permanent Injury from Breaking Collar Bone and Shoulder Blade and Injury to Right Side and Arm Not Excessive.*

   The verdict for the plaintiff in this case for $5,000.00, can not, within the rules of law binding us, be said to be excessive.    (p. 403).

4. INTEREST—*Judgment for Tort Should be for Amount Found by Jury With Interest From Date of Verdict.*

   In actions of tort the judgment should be for the amount found by the jury with interest thereon from the date of the verdict, as provided by section 16, chapter 131 of the Code. Overruling and correcting the error in *Easter v. Virginian Railway Co.*, 76 W. Va. 383.    (p. 403).

   (WILLIAMS, PRESIDENT, dissenting in part.)

Error to Circuit Court, Ohio County.

Action by Lawrence Wehrle against the Wheeling Traction Company. Verdict and judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Erskine, Palmer & Curl,* for plaintiff in error.

*Carl G. Bachman* and *Charles J. Schuck,* for defendant in error.

MILLER, JUDGE:

Error to the circuit court of Ohio County in an action by plaintiff for personal injuries alleged to have been sustained by him at the intersection of Forty-first and Wood Streets, in the City of Wheeling, on June 26, 1917, the result of the alleged negligence of defendant, its servants and employees in operating a certain coal car at a high, excessive and dangerous rate of speed, whereby plaintiff when passing over defendant's track at that intersection, with due care, with his horse and wagon, was struck by said car with great force and violence, his collar bone and shoulder blade broken, his right side and arm injured, and whereby thereafter and up to the time of the suit, he had been and was still unable to use his arm and hand as before said injury. The verdict and judgment complained of was for $5,000.00.

On the trial, by stipulation of counsel and rulings of the court, all issues not presented by the first count of the declaration were withdrawn from consideration of the jury.

Relying on this state of the pleadings and the evidence relevant thereto, the first point of error urged upon us is that the court below by plaintiff's instruction number five, given, allowed him to introduce the issue of supervening negligence imputed to defendant. This point is based on the assumption that the first count, to which the issues were so limited, did not allege any fact or circumstance putting in issue the fact of such supervening negligence of the defendant. This proposition is sought to be sustained mainly on our cases of *Hawker* v. *B. & O. R. R. Co.,* 15 W. Va. 628, and *Snyder* v. *Wheeling Electrical Co.,* 43 W. Va. 661, presently to be considered. Of course the universal rule affirmed and applied in *Wilhelm* v. *Parkersburg,*

*Marietta & Interurban Railway Co.,* 74 W. Va. 678, and other cases cited, is that instructions to the jury should be limited to the issues presented by the pleadings and proofs in the case. The negligence averred in the first count is; "That the servants or employees of said defendant company at the time and place indicated negligently and carelessly ran said car over and upon the said intersection of the said 41st and Wood Streets at a high, excessive and dangerous rate of speed," where the plaintiff was then crossing with due care, and where the motorman of said car had a clear and unobstructed view of plaintiff and his wagon on the crossing for a distance of over eight hundred feet, but that through the negligence and carelessness of defendant through its agents and servants "operating and controlling said car, at a highly dangerous and excessive rate of speed as aforesaid, the plaintiff's wagon was struck by the said car before he was able to drive off said intersection and the tracks of said defendant company, with such great force and violence that he sustained the injuries of which he complains." So the contention is that in this count plaintiff was limited to the sole issue whether defendant, at the time of said injury, was operating said car "at a high, excessive and dangerous rate of speed", and that under these averments the issue of last clear chance and supervening negligence as excusing plaintiff's alleged contributory negligence introduced by defendant in its evidence and also submitted to the jury by instructions given on its behalf, were not covered by the pleadings. But in our opinion said first count, fairly interpreted, must be regarded as charging negligence generally on the part of the defendant and its servants in the operation of the car, not limited solely to the high, excessive and dangerous rate of speed averred. Other facts and circumstances of an evidential nature are set out in this count; as for instance the distance at which the motorman could have seen plaintiff when he started across the track, the fact that the injuries were incurred at a public crossing where plaintiff was within plain view of the motorman for a long distance and for a sufficient time to have enabled him to stop his car in time to avoid the injury. These averments sufficiently charge and impute general negligence to the motorman in charge of the car, as to admit of proof of supervening negli-

gence on his part, assuming contributing negligence on the part
of plaintiff, of which however the jury acquitted him by their
answer to defendant's special interrogatories.   The declaration
in the case of *Hawker* v. *B. & O. R. R. Co., supra,* after averring
negligence generally, proceeded to aver that the negligence relied
on consisted solely in the acts of the defendant after seeing
plaintiff's cattle upon the track in carelessly and negligently
driving the locomotive upon them.   The declaration in this
case, properly interpreted, does not so limit plaintiff in his proof.
A familiar rule of pleading referred to and applied in *Snyder* v.
*Wheeling Electrical Co., supra,* is that a declaration will be
treated as alleging by implication every fact which can be implied
from its averments by the most liberal intendment.   Hogg's Pl.
& Forms, §140.   The theory of last clear chance and superven-
ing negligence is never resorted to unless the defendant inter-
poses the defense of contributory negligence.   In *Bralley* v.
*Railway Co.,* 66 W. Va. 462, we decided that a declaration
charging defendant with a specific act, injurious to plaintiff,
and averring general negligence in the performance of the act,
is sufficient, and that it is not necessary to set out in detail all
the specific acts constituting the negligence complained of.   The
leaning of the courts now is to a more liberal rather than a
strict rule of pleading in this regard.   Evidences of such liberality
are shown in some of the cases from other states cited and relied
on by plaintiff's counsel.   *Louisville & N. R. Co.* v. *Jones,* 45
Fla. 407, 34. So. 124; *Rockford, etc. R. R. Co.* v. *Phillips,* 66
Ill. 548; *Bush* v. *St. Jos. & Benton Harbor Street Ry. Co.,* 113
Mich. 513.   In the first case the declaration alleged a high and
excessive rate of speed, under which evidence of failure to blow
a whistle when approaching a crossing was admitted.   When
street railways use the public streets of a populous city, their
rights at street crossings are not superior to the rights of other
travelers.   *Ashley* v. *Traction Co.,* 60 W. Va. 306; *Riedel* v.
*Wheeling Tract. Co.,* 69 W. Va. 18.   The case of *Bassford* v.
*Pittsburgh, etc. Ry. Co.,* 70 W. Va. 280, involved a steam rail-
road alleged to have been operated at a dangerous rate of speed,
where the rule is different.   Our conclusion, threefore, is that the
first point of error must be overruled.

The next point involves the criticism of plaintiff's instruc-

tion number six. This instruction on the question of contributory negligence, intended to meet the theory of defendant manifested by the character of its evidence offered and the instructions propounded and given on its behalf, simply told the jury that it was not negligence for one to attempt to cross a street railway track in front of an approaching car if in doing so he exercised that judgment and care which a reasonably prudent and careful person would do under the circumstances, and that if the plaintiff exercised such judgment and care in driving over said track at the time of his injury, and looked immediately before crossing the track and saw the car three hundred feet away, he was not guilty of negligence. It is conceded that this is substantially the law of *Ashley* v. *Traction Co., supra,* except the assumption therein that plaintiff looked *immediately* before crossing the track, a fact it is contended not supported by the evidence. We think this word fairly descriptive of what plaintiff says he did, for as he describes his conduct he looked before starting across defendant's track, and apparently nothing intervened between his act of looking and starting. We do not appreciate the objection. We see no virtue in this point, and it also must be overruled.

The third point urged for reversal is that plaintiff's instruction number five was inconsistent with defendant's instruction "No. N." This point is founded on the theory already disposed of, that the pleadings did not admit of any issue on the theory of the supervening negligence of the defendant, covered by plaintiff's instruction number five. As that contention has been overruled, defendant can not complain of its supposed conflict with its instruction "No. N." In so holding we are not called upon to consider the question of waiver of error by defendant by the submission of its instruction on the same subject. We think if defendant on the meager evidence of contributory negligence was entitled to present its instruction to the jury on that theory, plaintiff was on the pleadings and proof entitled to present the theory of the supervening negligence of the defendant as the proximate cause of his injuries.

The point that defendant's instruction "No. I.", defining contributory negligence, was erroneously rejected, we think is with-

out merit. The jury was sufficiently instructed on this subject by other instructions given at the instance of both parties.

Two propositions are urged in support of defendant's motion, overruled, to set aside the verdict; (1). that plaintiff's own negligence was the proximate cause of his injuries, (2) that the verdict was excessive. The special verdict of the jury responded specifically to the first proposition, and we think found cor-. rectly.

But was the verdict excessive? It was large, considering the nature of the injuries; but can we say it was so excessive as to evince fraud, partiality or prejudice, justifying us in setting it aside? There was some evidence tending to show permanent injury, supported by symptoms existing at the time of the trial. The record shows that defendant's physician and surgeon was permitted to examine plaintiff during the trial, presumably with the view of determining the nature and extent of the injuries. He was not afterwards called by either party to testify on the subject.

Lastly, it is urged that the judgment must be reversed on the ground that it erroneously gives interest from the date of the verdict, contrary to the holding of the court in *Easter* v. *Virginian Railway Company,* 76 W. Va. 383. In the recent case of *Long* v. *Pocahontas Consolidated Collieries Co.,* 83 W. Va. 380, 98 S. E. 289, Judge WILLIAMS dissenting, we ignored the ruling in the Easter case on this question of interest, and in reversing the judgment below in a tort action rendered judgment for the plaintiff with interest from the date of the verdict. In the Easter case we seem to have been misled by *Talbott* v. *W. Va. C. & P. Ry. Co.,* 42 W. Va. 560, opinion by Judge HOLT, decided subsequently to the amendments of sections 14, 16 and 18 of chapter 131 of the Code, by chapter 120 Acts of the Legislature, 1882, and to have overlooked our decision in *Campbell* v. *City of Elkins,* 58 W. Va. 308. As Judge HOLT in *Talbott* v. *W. Va. C. & P. Ry. Co.* refers only to *Hawker* v. *B. & O. R. R. Co., supra,* and *Murdock* v. *Insurance Co.,* 33, W. Va. 407, the latter case involving a judgment rendered after, but a verdict rendered before said amendments, he seems to have overlooked. the effect of the amendments of 1882. In *Campbell* v. *City of Elkins,* due regard seems to have been had to the amendments of 1882, and

the conclusion there reached that in tort actions like the present the judgment should bear interest from the date of the verdict, as provided in section 16 of chapter 131, the only provision of the law applicable in such cases. After a full review of these decisions, we are fully satisfied that in actions of tort the judgment should bear interest from the date of the verdict, and that the point of error on the question of interest must be overruled.

Seeing no reversible error, our conclusion is to. affirm the judgment.

*Affirmed.*

(WILLIAMS, PRESIDENT, dissenting in part.)

I dissent from so much only of the foregoing opinion as holds that interest on the judgment should run from the date of the verdict, for the same reason expressed in my dissenting opinion in the *Long* v. *Pocahontas Consolidated Collieries Case* 83 W. *Va.* 380, 98 ·S. E. 289. Properly construed, I do not think the statute cited in the opinion applies to judgments recovered in tort actions.