# CHARLESTON.

J. G. McGraw *v.* Aetna Insurance Company

(No. 6360)

Submitted February 5, 1929.   Decided February 19, 1929.

*D. D. Moran* and *Dillon, Mahan & Holt,* for plaintiff in error.

*Toler & Shannon,* for defendant in error.

LITZ, JUDGE:

The plaintiff, J. G. McGraw, obtained a verdict and judgment against the defendant, Aetna Insurance Company, on a fire insurance policy, for $1500.00.

To the declaration (in statutory form) defendant plead the general issue and filed specifications of defense, stating, among other matters, that the plaintiff was not the sole and unconditional owner of the insured property, as required by the policy of insurance. The plaintiff replied specially, denying the charge, and averring that the true condition of his title was fully disclosed to the defendant, through its duly authorized agent, at the time of the issuance of the policy.

The defendant assigns error to the rulings of the trial court (1) permitting the special reply of plaintiff, over a general objection; (2) admitting improper evidence on behalf of the plaintiff; and (3) refusing to set aside the verdict as contrary to the law and the evidence.

The basis of the first point of error (not specified in the trial court) is that the special reply was neither signed nor verified by affidavit. Whether the reply was in fact duly authenticated, as the order of the court recites, the general objection cannot now be amplified to serve the defendant. *Oil Service Company* v. *Detroit Fidelity Surety Company*, 105 W. Va. 130, 133; *State* v. *John*, 103 W. Va. 148, 154; *Long* v. *Pocahontas Consolidated Collieries Company*, 83 W. Va. 380.

The error based upon the alleged improper admission of evidence, not specifically pointed out in the grounds of the motion for a new trial nor incorporated in special bills of exceptions, is deemed to have been waived.

Under the third point of error it is contended (a) that the plaintiff was not the unconditional and sole owner of the property at the time the policy was issued; (b) and that whatever interest he may have then possessed was transferred before the loss.

In 1920, the plaintiff purchased by parole from H. G. McGraw lot 2, in block 1, in the town of Pierpont, Wyoming county, and immediately constructed thereon a residence building costing about $2,000.00, which he and his tenants

occupied from the time of its completion until on or about September 24, 1926. January 10, 1922, the defendant issued to the plaintiff a fire insurance policy for $1500.00, covering said residence, for a term of three years, and at the expiration of this policy, issued to him the policy sued on in a like sum and covering the same property. Although the plaintiff had paid to H. G. McGraw, only a portion of the purchase price of the property when the policy in question was issued, he would, nevertheless, have been entitled to specific performance of the contract at that time. Granting that the plaintiff was then the unconditional and sole owner of the property, did he have an insurable interest therein at the time of the loss? By deed dated September 24, 1925, H. G. McGraw and wife conveyed the property to R. B. Cook and Leora Cook, his wife. H. G. McGraw testifies that the plaintiff authorized him to sell it and appropriate the consideration therefor to his own use in setttlement of account due him by J. G. McGraw; and that the plaintiff thereafter ratified the sale and conveyance to the Cooks. Clifford Phillips, who was occupying the building at the time of the conveyance to Cooks, thereafter paid rent to them until April, 1926, when they moved on the premises and thereafter maintained the exclusive possession thereof until July 26, 1926, the date of the fire, which completely destroyed the structure. Soon after the conveyance to them, the Cooks secured an insurance policy in their own names (covering the property) on which they also have instituted suit. Mrs. Cook testifies that the plaintiff offered to sell her the insurance policy here involved after she and her husband had purchased the property and obtained insurance covering it. No demand for rent or possession of the property has been made by the plaintiff since its conveyance to the Cooks. He says nothing in denial of the foregoing evidence or circumstances, except that he did not authorize the sale to the Cooks. He does not deny that he had given H. G. McGraw general authority to sell and convey the property, nor that he had ratified the sale and conveyance to the Cooks. We are, therefore, of the opinion that the evidence does not warrant the finding that plaintiff was the owner of the property at the time of the loss, and that

the verdict should have been set aside as against the clear and decided preponderance and weight of evidence. *Hetzel v. Kemper,* 102 W. Va. 567.

The judgment is reversed, the verdict of the jury set aside, and a new trial awarded the defendant.

*Reversed; new trial awarded.*