SARAH BALLARD *v.* CHARLESTON INTERURBAN RAILROAD COMPANY

(No. 7436)

Submitted May 9, 1933. Decided May 23, 1933.

*T. S. Clark* and *J. Howard Hundley,* for plaintiff in error.
*B. T. Clayton* and *H. W. Bowers,* for defendant in error.

WOODS, JUDGE:

Plaintiff, a woman of mature years, recovered a verdict of $4,125.00 for personal injuries sustained by being struck by one of defendant's interurban electric cars. Defendant prosecutes error to a judgment based on said verdict.

.The accident occurred in a sparsely settled locality at a point approximately 400 feet west of one of defendant's stops, known as ''Fry Stop'', which is a short distance above the City of Charleston. Defendant's track in this vicinity is paralleled on the north by a state highway, and on the south by the main line tracks of the C. & O. Railway Company. The highway, which is some fifteen feet from the defendant's track is on about the same level, while the C. & O.'s tracks are at a somewhat higher elevation. Plaintiff had alighted at Fry Stop from one of defendant's eastbound cars a few minutes before, and, at the time of injury, was making her way, in the dark, to her home, which was located south of the track, and approximately 500 feet west of the stop.

The declaration, as amended, charges, among other things, that the defendant failed to provide a safe or convenient passway to and from said stop to the public road, or other roads leading to plaintiff's home; that the track was used with knowledge and consent of the defendant; that after alighting, plaintiff continued, as was her custom, as well as the custom of all others living in her neighborhood who travel on defendant's interurban cars, to remain on the tracks and proceed towards her home; that while so doing, another car, other than the one from which she had just alighted, and going in an opposite direction, ran up behind her, and before she could leave the track, after learning of its presence, struck and injured her; and that the night was exceedingly dark.

The plaintiff was, at the time of alighting, a passenger of the railroad company, and as such the company owed her a duty to do what was reasonably necessary to insure her safety in leaving its premises. *Pierce's Executrix* v. *Railroad Co.*, 99 W. Va. 313, 128 S. E. 832.

The measure of defendant's duty to the plaintiff at the point of the accident is therefore governed primarily by the physical facts surrounding Fry Stop. If no way was open to her, except down the track, she of necessity remained a passenger, or invitee, and the company owed her a duty to do what was reasonably necessary in the operation of its cars to insure her safety while so using the tracks for the purpose of leaving the premises. *Pierce's Executrix* v. *Railroad Co.*, *supra*. If, however, there was a safe and convenient passway to the highway from said stop, she was, at the time of the accident, a trespasser, or at most a licensee, to whom the company owed no higher duty than that of not wantonly or willfully injuring her after she was discovered. *Angiline* v. *N. & W. Ry. Co.*, 99 W. Va. 88, 128 S. E. 275; *Bralley* v. *N. & W. Ry. Co.*, 66 W. Va. 462, 66 S. E. 653; *Melton* v. *Railroad Co.*, 64 W. Va. 168, 61 S. E. 39; *Huff* v. *C. & O. Ry. Co.*, 48 W. Va. 45, 35 S. E. 866; *Spicer* v. *C. & O. Ry. Co.*, 34 W. Va. 514, 12 S. E. 553. And, if reasonable care was exercised to avoid injuring such trespasser, after discovering her peril, no liability attached. *Wendell* v. *Director General*, 89 W. Va. 356, 109 S. E. 734; *Blagg* v. *B. & O. R. R. Co.*, 83 W. Va. 449, 98

S. E. 526; *Stuck* v. *K. & M. Ry. Co.*, 76 W. Va. 453, 86 S. E. 13.

In regard to the means of access to and from the stop, the plaintiff testified that a good road had not been provided; that the bottom of the ditch between the highway and the track was three feet below the level of the track; and that it was a "right bad" place to get over. There was no other evidence concerning the physical features between the stop and the highway. This character of evidence was.not sufficient in itself to show a necessity for plaintiff's use of defendant's tracks as a passway, and thereby to exact from the defendant the greater degree of care for her safety. The trial court took a like view in this regard and instructed the jury to the effect that the plaintiff was at most a mere licensee.

The motorman first saw plaintiff when within fifty feet of her. There is no testimony in the record that he did not use reasonable care to avoid the accident after discovering her. While he might possibly have discovered her a few seconds sooner, had he maintained a constant lookout, it must be borne in mind that the law in this state imposes no such duty in respect to pedestrians upon the track at a point where they have no lawful right to be at any time. *Cheek* v. *Director General*, 87 W. Va. 321, 104 S. E. 618; *Robertson* v. *Coal, etc., Ry Co.*, 87 W. Va. 106, 104 S. E. 615; *Blagg* v. *B. & O. R. R. Co.*, *supra*.

We cannot see wherein any liability has attached to the defendant in regard, to the plaintiff's injury, in so far as the present record is concerned. However, in view of the fact that the measure of duty owed the plaintiff by defendant is dependent wholly upon the physical features in the immediate vicinity of Fry Stop, we not only reverse the judgment but remand the case in order that such facts may be more fully developed.

*Reversed; verdict set aside; new trial awarded.*