LESSIE BARRON, *Admx.* v. B. & O. RAILROAD COMPANY

(No. 8072)

Submitted January 16, 1935. Decided January 22, 1935.

*D. B. Dawson*, for plaintiff in error.
*Conley & Klostermeyer*, for defendant in error.

HATCHER, JUDGE:

The administratrix of Frank Barron, deceased, brought this action to recover damages from the railroad company, alleging that it wrongfully caused his death. At the conclusion of plaintiff's evidence, the trial court directed a verdict for defendant and dismissed the case. Plaintiff secured a writ of error.

The deceased was found dead (practically so) on defendant's track at about 3:55 A.M., one quarter of a mile above Blue Creek crossing. His legs were severed and his body had seemingly been dragged along the track for about sixty feet before the severance. He was last seen in life at the crossing at about 1:35 A.M. His condition then was apparently normal. His home was one-half of a mile above the crossing. Shortly before his body was found, a train with engine reversed was observed a mile above the crossing proceeding down the track. There were several cars in front of the engine and the forward car did not carry a light. The night was "a little bit cloudy." For many years, the residents in the neighborhood of the crossing had used the track on occasion as a walkway. One witness (for plaintiff) had been warned a number of times by employees of defendant that when using the track he was a trespasser.

Plaintiff relies specially on *Nuzum* v. *Ry. Co.*, 30 W. Va. 228, 4 S. E. 242; *McVey* v. *Railway Co.*, 46 W. Va. 111, 115, 32 S. E. 1012; *Ray* v. *Railroad Co.*, 57 W. Va. 333, 50 S. E. 413; and *Stuck* v. *Ry. Co.*, 76 W. Va. 453, 86 S. E. 13. The *Nuzum* case holds: "The fact that pedestrians are accustomed to travel on a railroad at a particular place makes it the duty of such railroad company to exercise greater caution and prudence in the operation of its road at that place." The *McVey* and *Ray* cases follow the *Nuzum* case. Plaintiff also relies on *Prok* v. *Ry. Co.*, 75 W. Va. 697, 699, 84 S. E. 568, which holds in effect that it is ordinarily a question for the jury whether backing trains and engines are operated with reasonable care at a place where the presence of trespassers is reasonably to be apprehended.

The defense is based on the following principle announced in *Spicer* v. *Ry. Co.*, 34 W. Va. 514, 12 S. E. 553: "A person using a railroad track as a footpath for his own convenience elsewhere than at a lawful crossing and injured by a train while so doing cannot recover damages of the railroad company unless it be guilty of wanton or gross negligence." Accord: *Huff* v. *Ry. Co.*, 48 W. Va. 45, 35 S. E. 866; *Melton* v. *Ry. Co.*, 64 W. Va. 168, 61 S. E. 39; *Bralley* v. *Ry. Co.*, 66 W. Va. 463, 66 S. E. 653; *Tompkins* v. *Sunday Cr. Co.*, 68

W. Va. 483, 69 S. E. 980; *Blagg* v. *Railroad Co.*, 83 W. Va. 449, 98 S. E. 526; *Robertson* v. *Ry. Co.*, 87 W. Va. 106, 104 S. E. 615; *Cheek* v. *Director General*, 87 W. Va. 321, 104 S. E. 618; and *Ballard* v. *Railroad Company*, 113 W. Va. 660, 662-3, 169 S. E. 524.

A syllabus must be read in connection with the facts of the case. When that is done in the foregoing cases, the conflict is more seeming than real. In the cases cited by plaintiff, the court was influenced by the fact that the accident occurred where the tracks were much used by the public. In the cases cited by defendant, the court was influenced by the fact that most of the accidents occurred at places where the public use of the tracks was not so marked. Both lines of cases can be harmonized under the general rule that trainmen must exercise ordinary care, commensurate with the risk of injuring someone on the track. But as we have said so frequently, care is a relative term. The care required in cities, towns and populous communities where numbers of people habitually use the tracks, would naturally be greater than in sparsely settled rural sections where the use is only occasional. The requisite care would be greater during some hours (of the twenty-four) than during others. So the care exacted in a given case would depend entirely on the facts of that case. *Raines* v. *Ry. Co.*, 39 W. Va. 50, 19 S. E. 565.

It was said in argument that the accident occurred in a rural community. The population of that community was not shown; and neither was it shown that the public was accustomed to use the track at the hour of the accident. In the absence of evidence on those points the case does not develop the need of any particular precaution by the trainmen at the time and the place of the accident. The witness who testified there was no light on the front car stated there were lights on the engine. And there was sufficient light from some source (not specified) for him to discern separately the cars both in front of and behind the engine. If the train was thus visible to the only witness who observed it, we cannot say as a matter of law that the failure to have a light on the front car at the place and hour of the accident was a failure of ordinary care. When the facts are undisputed, negligence

is a question of law for the court. *Ketterman* v. *Railroad Company,* 48 W. Va. 606, 37 S. E. 683.

In *Tompkins* v. *Sunday Cr. Co., supra,* the declaration was digested by the court as follows: "The declaration alleges that the railroad at the time of the misfortune and for a long time previous thereto was used by the public in general as a footpath and that the defendant had notice of that fact; that upon the night of the accident, in November, 1907, while it was very dark, about eight o'clock at night, Tompkins was walking along the railroad; that while Tompkins was walking along the railroad the defendant ran a special train over the road; that the train was negligently run without a headlight or other light upon the forward end of the train, and was run without blowing a whistle or sounding a bell or signal of any kind; * * * and that Tompkins was without any warning whatever of the approach of the train negligently run into and struck by it * * * and was run over by the train and received injuries from which he died." The case presented by that declaration is very similar to the case made by the proof herein. But the court held that the declaration "shows no cause of action."

The judgment of the circuit court is accordingly affirmed.

*Affirmed.*