HAROLD E. HOUGH, *Administrator, etc., v.* MONONGAHELA WEST PENN PUBLIC SERVICE COMPANY

(CC 543)

Submitted January 8, 1936. Decided March 24, 1936.

*S. T. Spears* and *H. H. Rose,* for plaintiff.
*Meredith, Bell & Moore,* for defendant.

LITZ, JUDGE:

This is an action on the case for alleged wrongful death. The decedent, Richard H. Hough, was killed in Marion County at 2:55 P. M., September 16, 1934, when struck by an interurban electric car owned and operated by defendant, Monongahela West Penn Public Service Company.

The case has been certified from the ruling of the circuit court, sustaining a demurrer to the amended declaration. The challenged pleading shows that the decedent, a normal boy, nine years of age, was at the time of the accident, standing on the end of a cross-tie in the railway track of defendant with his back to the car which was 35 feet long, weighing fifteen tons and equipped with an air whistle, gong, service air brakes and emergency air brakes; that the motorman, observing the boy standing, where he was struck, for a distance of 640 feet, blew the air whistle, until the car was within 60 or 70 feet of the point of accident, when the blowing ceased; that the gong was not sounded nor the emergency brake applied; that decedent did not turn about or give evidence of having seen or heard the car but remained immobile, apparently oblivious to his surroundings; that the car, at the time the boy was discovered, was moving 30 or 40 miles an hour; that this rate of speed was maintained until the car had advanced to a point within 50 feet of the boy (without stating whether the speed was then reduced or accelerated); that the railway track at the point of accident was straight, level and some six to eight feet distant from the concrete surface (18 feet wide) of the public highway; that the berm on the opposite side of the highway was narrow and unsuitable for walking, as was also the space between the pavement and the railway; that the highway carried heavy traffic; that a row of occupied residences, a schoolhouse and an operating coal tipple stood near-by; that the railway track had long been used by the general public as a walkway to the knowledge, and with the acquiesence, of defendant; that decedent lived with his parents in the vicinity

and had been accustomed to walking upon the railway track at and near the point of accident. The declaration also contains general averments of negligence, and is otherwise believed to be sufficient in charging negligence against defendant. The blowing of the air whistle was not continued; nor was the gong sounded or the emergency brakes applied; and other means, if any, employed to stop or reduce the speed of the car were evidently belated. When the boy did not respond to the air whistle signal, it became the duty of the motorman to adopt additional measures of precaution (consistent with its duties to others) and, if necessary, stop or effectively check the speed of the car. *Bralley* v. *Norfolk & Western Railway Co.*, 66 W. Va. 462, 66 S. E. 653; *Stuck* v. *Kanawha & Michigan Railway Co.*, 76 W. Va. 453, 86 S. E. 13; and *Blagg* v. *Baltimore & Ohio Railroad Co.*, 83 W. Va. 449, 98 S. E. 526. In *Stuck* v. *Kanawha & Michigan Railway Co.*, a boy nine years old, while walking on a path between railroad tracks, was struck by a swinging door of a box car and knocked beneath the wheels of the train. It appeared that the engineer could have seen the youth for a distance of 1300 feet. In holding that the failure of the engineer to warn the boy of the approaching train was sufficient evidence to convict the railway company of negligence, the court said: "If plaintiff had been walking on the track instead of so near the side of it, apparently oblivious of the approach of a train as the evidence shows he was, our cases unquestionably establish that it would have been the duty of the engineer to take reasonable precaution for his safety." The court then concluded that because of the close proximity of the boy to the track, the same rule should be applied. In *Blagg* v. *B. & O. Rr. Co.*, 83 W. Va. 449, 453-4, 98 S. E. 526, where an adult was killed while trespassing on a railroad track, the court, in re-affirming the principle here involved, stated: "Primarily the railroad is built for the purpose of operating trains thereon, and such trains are entitled to the use of the tracks free from obstruction by trespassers, and one who goes upon such tracks at a point

other than a public crossing, where he has a right to be, is charged with this knowledge. Of course, it cannot be said, that if a trespasser or a mere licensee is discovered upon the track, the employees of the company owe no duty to him. It seems to be well established that in this event there is an obligation to give an alarm in order to inform him of the approach of the train, and if he does not heed such alarm, then the employees must resort to such other means as may be available to prevent injuring him if possible, such as giving a second alarm, or reducing the speed of the train, or even stopping it if this can be done. *Bralley* v. *Railway Co.*, 66 W. Va. 462; *Teel* v. *Railroad Co.*, 49 W. Va. 85; *Spicer* v. *Railway Co.*, 34 W. Va. 514; *Huff* v. *Railway Co.*, 48 W. Va. 45."

The ruling of the circuit court is reversed and the case remanded for further proceedings.

*Reversed and remanded.*