JEFFERSON HORN, Appellant, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

**Railroads:**   NEGLIGENCE:   PROXIMATE CAUSE.  In an action to recover for the death of a child, the act of an employe in inviting deceased into the switch yard of the defendant to assist in moving cars, is held, under the evidence, not to have been the proximate cause of the accident.

**Negligence: EVIDENCE.** Under the evidence in the case it is held that
.2 the railway company was not liable, on the ground of the negligence of its employes, for the death of a boy caused by a fall from cars while being switched in its yards.

**Negligence.** An engineer in charge of an engine engaged in switching
3 cars was not required to stop his train, upon discovering boys in a highway near the track, until he saw some act indicating an intent to board the cars, even though he was aware that boys were in the habit of catching onto the cars at that place.

*Appeal from Wapello District Court.*— HON. ROBERT SLOAN, Judge.

WEDNESDAY, JUNE 8, 1904.

ACTION at law to recover damages for the death of William Horn, plaintiff's minor son, due as is alleged, to defendant's negligence. Trial to a jury, directed verdict for defendant, and plaintiff appeals.—*Affirmed.*

*W. W. Rankin, W. W. Cory,* and *J. W. Porter,* for appellant.

*Jaques & Jaques, J. C. Cook,* and *H. Loomis,* for appellee.

DEEMER, J.— Plaintiff's minor son, William Horn, a boy ten years of age, was run over by a train on defendant's line of road, and received injuries which resulted in his death. The grounds of negligence are that defendant's car repairer invited him into the yards of the company to assist him in pushing a car, and that after leaving this work he jumped upon a moving train, and was caused to fall therefrom by the engineer, who carelessly threw on full steam and caused the cars to jerk, whereby the boy was shaken from the train and thrown under the cars, receiving injuries from which he afterward died.

The evidence establishes, beyond all controversy, that de-

fendant's car repairer invited plaintiff's son to go into the yards of the company to assist him in moving a small repairer's car; that he accepted the invitation, participated in the movement of the car, threw a switch so that the car might go onto a side track to avoid a passing train, and otherwise assisted the employe about his work. After leaving the switch, which had been thrown by one of the boys, the car repairer paid no more attention to them, and did not know where they had gone until from half an hour to an hour afterward, when he heard that the Horn boy had been killed. It seems that after leaving the car repairer the boys jumped onto cars which were being moved by a switch engine, and rode for a short distance. They then passed on down to a highway crossing, where they stopped until the same or another switch engine came up with some cars, and stopped near where they were standing. As the engine started up to do some switching, plaintiff's son jumped upon one of the cars; taking hold of the iron handhold or ladder on the car, and putting his feet, or one of them, upon an oil box on the truck of the car. While in that position he rode about the length of one railway iron, and, the engine giving a jerk, he lost his hold and fell under the wheels of one of the cars. The evidence shows that he gave no indication of his intention to jump upon the car until it was close upon him, when, suddenly and against the warning of the other boys, he took hold of the ladder, put his foot upon the oil box, and attempted to ride in that position; declaring " that he was going to ride to the junction." The only evidence as to the moving of the engine after the boy got on the train is that the train made " a little jerk."

The conduct of the car repairer in inviting the boys into the yards to assist him in moving his cars was most reprehen-

1. NEGLIGENCE: sible, and, if defendant were bound by his con-
proximate
cause.   duct — a point which we do not at this time decide — and the injury had been the proximate result of this

misconduct, we should have little difficulty with the case. But the evidence shows that this act, culpable as it undoubtedly was, was not the proximate cause of the injury. The boys had left the car repairer, and had ridden or walked down to the highway crossing, and were standing there when the switch engine and cars approached them. They were not invited by the car repairer or by any one else to get upon the cars, and had passed from the danger zone into which they had been invited by the defendant's employe. While there is evidence that the boy threw up his hands as the engine passed him, there is nothing to indicate that this was a signal that he was going to board the moving train. Any doubt on this subject is removed by the testimony of the only eye-witness, who said that he made no motion toward getting on the car until the ladder was coming up to him. After he was on the car, the engine gave a little jerk, and the boy lost his hold and fell under the car just behind the one he was on.

The negligence of the car repairer being out of the case, the next question is, was there negligence of any other of defendant's employes? If such there be, we have failed to

2. NEGLIGENCE: evidence.

find it. All there is, is that the engine gave a little jerk. That switch engines commonly do this, and cannot be operated without so doing, is notorious. There is no evidence of any other negligence, unless it be that defendant's employes did not take some precautions to keep the boy from boarding the train. There was nothing, as we have said, to indicate to the engineer or other employes that plaintiff's son was intending to jump upon this train. He was not at that time in defendant's yards, but at a highway crossing, where he had a right to be. There was no hazard if he remained in that position, and defendant's employes had no reason to assume that he was about to jump upon the moving cars. Had it known of his intention, it perhaps might have been called upon to stop the train to put him off; but, even if that were its duty, it could hardly have per-

formed it before the injury occurred, for the boy rode but thirty-two feet in all. There is no evidence of any negligence in the moving of the train after the boy boarded it. We have set out all there is on this subject, and it is evidently insufficient to establish the claim.

There was testimony offered, and some adduced, to the effect that boys frequently jumped off and on trains in defendant's yards, near the place where plaintiff's son was injured, prior to the accident; but this was **3. NEGLIGENCE:** offered, no doubt, to establish the fact that defendant's engineer knew that the boy was going to get upon the car as it passed him. Even if this was admissible, it would do no more than establish the fact that these boys might jump upon the passing train. But it must be remembered that the boy was in the highway — a place where he had a right to go — and that, even if the claimed custom had existed in defendant's yards, defendant's employes had no more reason to suppose that a boy in the highway would jump upon the train, than that he would use it for the legitimate purposes of travel. The engineer was not bound to stop the train simply because he saw boys in the highway and close to the track, though not in places of danger, until he saw some act on their part indicative of an intent to board the cars. Defendant's employes could not order the boys off the highway. Nor were they obliged to cease the operation of their trains simply because the boys were in the highway. Moreover, the only negligence charged against the defendant's employes after the boy had left the yards is that they permitted plaintiff's son to jump upon the car, and negligently put on full steam, causing a severe jerk of the cars, thus throwing him off. These allegations are not sustained by the testimony. Even if plaintiff's son was a licensee, there is no evidence of any negligence on the part of defendant's employes which would justify a recovery.

The case does not call for a citation of authorities.

Those relied upon by plaintiff are not in point, and we see no reason for doing more than refer to the facts, which to our minds ·conclusively show an entire absence of actionable negligence.

The judgment is right, and it is AFFIRMED.