BAGDAD LAND & LUMBER COMPANY, a corporation, *Plaintiff in Error*, vs. JESSE O. BOYETTE in his own behalf and on behalf of his wife, VICEY BOYETTE, *Defendants in Error*.

140 So. 798.

En Banc.

Opinion filed April 12, 1932.

Petition for rehearing denied May 21, 1932.

*Watson & Pasco & Brown* and *E. C. Maxwell*, for Plaintiff in Error;

*R. A. McGeachy*, for Defendant in Error.

MATHEWS, C.—This is an action brought by Jesse O. Boyette, hereinafter referred to as the plaintiff, in behalf of himself and his wife against The Bagdad Land and Lumber Company, a corporation, hereinafter referred to as the defendant, to recover damages under the statute. Section 7049 (4962) Compiled General Laws of 1927, for the death of their minor child claimed to have been caused by wrongful acts of the defendant.

The declaration as amended contains eight counts. The first, second, fourth, fifth and eighth counts allege that while said minor child, an infant about three and one-half years old, was on defendants' railroad track, defendant negligently propelled its engine and cars over said track, and negligently failed to keep a proper lookout for said minor, and failed to use reasonable care in the operation of its train so as to avoid injuring said

minor, and after it discovered said minor in a perilous position near said track coming in the direction of, and coming upon said track, negligently propelled said engine and cars over said track, and that by means of said engine and cars so negligently operated, the defendant negligently ran its train upon said minor crushing and mutilating him and that on account of and as a result of said injury he afterward died.

To the first, second, fourth, fifth and eighth counts, the defendant filed two pleas, first, the general issue, and second, that the plaintiff and his wife were guilty of negligence which contributed to the injuries complained of by permitting their said minor child, not properly guarded, to loiter and go on and about defendant's railroad track on which engines and cars were habitually run and operated.

The third, sixth and seventh counts of the declaration allege facts intended, and alleged, to show that at the time of the injury complained of the defendant was a Railroad Company so as to come within the meaning of the provisions of Sections 7051 (4964) and 7052 (4965), of the Compiled General Laws; and that while said minor child was on the defendant's railroad track the defendant negligently propelled its engine and cars over said track, and negligently failed to keep proper lookout for said minor, and by means of said engine and cars so negligently operated defendant negligently ran upon said minor child crushing and mutilating him on account whereof he thereafter died.

To said third, sixth and seventh counts of the declaration, the defendant interposed eight pleas numbered three, four, five, six, seven, eight, nine and ten. On motion of the plaintiff all the material parts of pleas numbered five, six, nine and ten, except parts fully covered by other pleas, were stricken. This action of the lower court is assigned as error but on account of the

conclusions reached the error, if any, was harmless and the correctness of the Court's ruling will not be inquired into. The remaining pleas numbered three, four, seven and eight, interposed to said third, sixth and seventh counts, allege facts intended and alleged to show that at the time of and in respect to the alleged injury the defendant was not a railroad company within the meaning of Sections 7051 and 7052, Compiled General Laws, and, in connection with those facts, set up the same defenses as were pleaded to the first, second, fourth, fifth and eighth counts of the declaration, namely, the general issue and contributory negligence on the part of the parents of the deceased minor child.

A trial on the issues thus made up resulted in a verdict and judgment for the plaintiff and, a motion for a new trial having been denied, a writ of error was sued out to this Court.

There are numerous assignments of error but the parties appeared to have agreed, and we think correctly, that there are five material questions presented by the assignments and the record, as follows:

1. Was there sufficient evidence adduced to support the verdict for the plaintiff?

2. Were the plaintiff and his wife guilty of negligence which contributed to the injury complained of?

3. Was the verdict excessive?

4. Was the defendant at the time of and in respect to the alleged cause of action a railroad company so as to come within the purview of the provisions of Sections 7051 and 7052, Compiled General Laws?

5. Was the evidence offered by the plaintiff and received by the Court to the effect that the defendant did not maintain a fence around his home material or pertinent to the issues in the cause?

At the outset we are faced with the question of the sufficiency of the evidence, and after careful examination

of all the evidence we have reached the conclusion that there was no evidence sufficient to support the verdict for the reason that it shows, we believe, that the death of the minor child was not caused by any fault or negligence of the defendant.

We consider that the following are the material facts established by the evidence as to the accident and the surrounding circumstances.

Before and at the time of the accident the defendant was engaged in the sawmill business, having its plant and mill at Bagdad, and in connection with its business was operating a railroad which extended in a northerly direction form Bagdad to a village called Munson and beyond Munson into its logging camps, all of said places being in Santa Rosa County, Florida. At the time of the accident the plaintiff was employed by the defendant to operate a pump used to supply water to the engines of defendant's trains, and was living, with his family, in a home consisting of two box cars joined together located near the pump house on the west side of said railroad track at a place just outside and north of Munson and about five hundred feet in a northwesterly direction from the point on said railroad track where the accident occurred. A neighbor lived across the track and about one hundred feet east of that point.

About half past four o'clock in the afternoon of June 6, 1929, the plaintiff's minor child, Jesse O. Boyette, Jr., then about three years and three months old, and his sister, a child five years old, left their parents' home and were evidently going in a southeasterly direction along a beaten path or trail which ran from their home to and across a ditch by the side of said railroad track and across the track to the neighbor's house on the east side thereof. On that afternoon and just prior to the time of the accident the defendant was running one of its log trains from a point south of the place it occurred in a

northerly direction along said railroad track and toward said place. Said train consisted of ''empties'' being brought from defendant's mill at Bagdad to a logging camp to be reloaded and was about one quarter of a mile long and at the time of the accident was running at a slow rate of speed—about six or seven miles per hour. As the children were going along the beaten path or trail and while they were still on the west side of the track and before they had reached the ditch they saw defendant's said log train approaching from the south and they stopped at a point at least thirty feet from the track at which point they were standing as the engine passed them. The engineer and conductor were riding in the cab of the engine, the conductor on the left and the engineer on the right, and a brakeman on the cowcatcher, and these three, who appeared to have constituted the entire train crew at the time, except another brakeman who had been riding at the rear of the train, all saw the children, whom they knew, standing there. The train proceeded on its way but after the engine had passed the children, they again started along the path or trail toward the track, crossed the ditch, which was over three feet deep and twenty feet wide, and coming up from the ditch near the track before the rear of the train had passed, the little boy was struck by the last car and received injuries from which he died shortly afterward. None of the train crew saw the accident or knew when it happened. It seems uncertain whether the brakeman who was riding at the rear of the train was there when the accident happened, or where he was at that time. No one appears to have seen him and one witness testified positively he was not there.

The place where the accident occurred was not in a village or thickly settled community but appears to have been almost in the open country on the outskirts of the village of Munson, and no other persons appear to have

lived closer to it than the plaintiff and the neighbor above mentioned. The path or trail leading to and across the tracks at the place of the accident was not a regular public crossing but appears to have been mainly used by the plaintiff and his family when going to visit the neighbor and others who lived on the east side of the track and by the neighbor and others coming to visit the plaintiff and his family.

Under these circumstances was there any duty resting on the defendant, or the members of its train crew, to take any steps to prevent injury to the minor child? If not, then there was no negligence.

The common experience of mankind teaches that there is danger in going upon a railroad crossing without first looking to see if the way is clear.

The Baltimore Ohio R. R. Co. v. Goodman, 275 U. S. 66, 72 L. Ed. 167.

Germak v. F. E. C. Ry. Co., 95 Fla. 991, 117 So. 391.

A. C. L. R. R. Co. v. Watkins, 97 Fla. 350, 121 So. 95.

And not only experience, but even instinct warns us to keep away from the sides of a moving train.

Children are necessarily lacking in the knowledge of physical causes and effects which is usually acquired only through experience. They must be expected to act upon childish instincts and impulses and must be presumed to have less ability to take care of themselves than adults have. Therefore, in cases where their safety is involved more care is demanded than toward adults and all persons who are chargeable with a duty of care and caution toward them must consider this and take precautions accordingly. When an infant is discovered on or dangerously close to a railroad track reasonable care strictly commensurate with the demands and exigencies of the occasion must be exercised to avoid injuring it.

Jacksonville Electric Company v. Adams, 50 Fla. 429, 39 So. 183.

Union Pacific Ry. Co. v. McDonald, 152 U. S. 262, 38
L. Ed. 434, 441.

But in this case the children when observed by the members of the train crew were not in a place of danger. They were not on, or even near, the track but were standing still across a wide ditch at a safe distance from the passing train, and they were in this position when last seen by the train crew. There was nothing in the situation which should have caused defendant's employees, or any other persons, in the exercise of all reasonable care and caution, to expect or anticipate that the children would change their position and come toward the moving train.

The little boy appears to have had the intelligence usual to his age. A neighbor saw him and his sister, after the front of the train had passed, approaching the track hand in hand, but did not see the accident. The sister, a child five years old who had lived there near the tracks practically all of her life, must have known more about what actually happened at the time of the accident than anyone else, but apparently she was not called as a witness. She, at least, must have known there was danger in coming in contact with a moving train.

If the defendant's employees had known, or should have known, of the impending danger to the little boy, then the duty to protect him would have arisen, but railroad companies are not obliged to place guards along the sides of their moving trains to prevent children or others from coming on their tracks. Such a requirement would be impracticable, burdensome, unreasonable and unjust. The evidence discloses no failure on the part of the defendant to exercise such reasonable care as the circumstances required and, therefore, it can not be held responsible for this unfortunate accident.

International & G. N. R. Co. v. Vallejo, 102 Tex. 70,
113 S. W. 4.

St. Louis Southwestern R. Co. v. Davis, (Texas Civ. App.) 110 S. W. 939.

Horn v. Chicago, M. & St. P. Ry. Co., 124 Iowa 281, 99 N. W. 1068.

Green's Admr. v. Maysville & B. S. R. Co., 25 Ky. L. Rep. 1623, 78 S. W. 439.

Angiline v. Norfolk & Western Ry. Co., 99 West Va. 85, 128 S. E. 275, 43 A. L. R. 34 and Note.

Wilson v. A. T. & S. F. R. Co., 66 Kan. 183, 71 Pac. 282.

In view of the conclusion reached it is not necessary to determine the other questions presented, namely, whether the verdict was excessive, or whether the lower court erred in admitting evidence as to defendant's failure to maintain a fence around plaintiff's home, or whether the defendant should be held to be a railroad company within the meaning of the first section of Chapter 4071 Acts of 1891 (Section 7051 C. G. L.), or whether the plaintiff and his wife were guilty of negligence contributing to the death of their child so as to bring the case within the scope of the second section of said Act of 1891 (Section 7052 C. G. L.).

The court below erred in refusing to give the affirmative charge requested by defendant at the end of plaintiff's testimony and erred in entering the judgment against the defendant and erred in refusing to grant defendant's motion for a new trial. The judgment of the court below is hereby reversed.

PER CURIAM.—The record in this cause having been considered by the court, and the foregoing opinion prepared under chapter 14553, Acts of 1929 (Extra Sess.), adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the judgment of the court below be, and the same is hereby reversed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.