74 So.2d 278 (1954)
CITY OF JACKSONVILLE
v.
STOKES et al.
Supreme Court of Florida. En Banc.
July 6, 1954.
Rehearing Denied September 13, 1954.
William M. Madison and Inman P. Crutchfield, Jacksonville, for appellant.
Noble & Searcy and Henry M. Searcy, Jacksonville, for appellees.
MILLEDGE, Justice.
Marian Stokes, a 12 year old girl, fell as a result of a hole in the sidewalk of a Jacksonville street. She sued the city alleging negligence. At the conclusion of the plaintiff's case the city moved for a directed verdict on the ground that the little girl was guilty of contributory negligence as a matter of law. The motion was denied. The issue of contributory negligence was submitted to the jury which returned a verdict for the plaintiff in the amount of $1,000.
The sole question on appeal is whether there was contributory negligence as a matter of law. The city concedes that it was negligent in permitting the sidewalk hole to stay unrepaired.
There was not a particle of evidence on the plaintiff's side that the girl knew of the hole; on the contrary, the testimony is repetitious and emphatic that she did not. Even an adult is not careless in failing to avoid harm unless he is actually warned or the circumstances warn him. The mere fact that a hole is big enough to see does not settle the question whether one should have avoided stepping into it. If visibility alone settled contributory negligence every case of slipping on a floor or of encountering any stationary object would automatically be a case of non-liability for in all these cases the condition which caused the harm was visible. The question always is whether the plaintiff used due care for his own safety, taking into account all the circumstances, of which the visibility of the object encountered is an important one, but still only one of the circumstances.
*279 The question is whether one should be aware of the danger. This depends largely upon the likelihood of encountering danger. Very rarely do objects from above cause us harm, so persons are not careless who do not go about examining the sky. One need not look for danger unless there is reason to expect it.
It takes more indication of danger to alert a child than to alert an adult. "Children are necessarily lacking in the knowledge of physical causes and effects which is usually acquired only through experience. They must be expected to act upon childish instincts and impulses, and must be presumed to have less ability to take care of themselves than adults have." Bagdad Land & Lumber Co. v. Boyette, 104 Fla. 699, 140 So. 798, 800. As applied to the class of action here involved, the general statement in 63 C.J.S., Municipal Corporations, § 849, p. 195, suffices:
"An infant of tender years injured by defects or obstructions in the street cannot be charged with contributory negligence, but this does not mean that a municipality is an insurer of the safety of such child. Even when a child has reached an age when it is deemed in law to be possessed of sufficient discretion to charge it with negligence, it is ordinarily not held to the same degree of care and prudence as would be expected of adults under similar circumstances; but it is guilty of contributory negligence only where it fails to exercise such care and prudence as could be reasonably expected of a child of its age and intelligence under like circumstances."
Even if the plaintiff here were an adult, the issue of contributory negligence was for the jury, but the question of the child's prudence and judgment is itself a question of fact. 38 American Jurisprudence 887.
The city's counsel have cited no case and we are aware of none in which the contributory negligence of a child has been decided as a question of law.
In whatever situation the law finds children, it usually deals with them differently than it does with adults.
Affirmed.
THOMAS, HOBSON and DREW, JJ., concur.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., dissent.
MATHEWS, Justice (dissenting).
This is an appeal from a final judgment entered pursuant to a verdict by a jury. A pedestrian was hurt by reason of a fall on a sidewalk immediately in front of her home on Silver Street in the City of Jacksonville. The sole question presented is whether or not she was guilty of such contributory negligence as to bar recovery.
For some reason there is no assignment of error with reference to negligence of the city and the burden of proof on the part of the plaintiff concerning such negligence. The case was apparently tried on the assumption that the city was negligent but that the city claimed that the pedestrian was guilty of such contributory negligence as to bar recovery.
The undisputed facts are: the injured person was a girl between twelve and thirteen years of age; she lived with her sister in a home on Silver Street in Jacksonville, Florida; Silver Street is in Springfield, the oldest part of the City of Jacksonville; the sidewalk was an old one and was constructed of brick and was immediately in front of the home of the pedestrian; the bricks were uneven and the sidewalk was very bad and rough because of the unevenness of the bricks; it was only a few feet from the steps of the home to the sidewalk. The minor and her sister with whom she lived used this sidewalk daily; a large tree was growing close to the edge of the sidewalk and a root from such tree had displaced a brick and there was a hole partly filled with dirt and the root from the tree *280 where this brick was from. The minor and her sister had lived in this home for two months and the sidewalk was used daily. The sister had seen this hole but had never complained to anyone about it. The injured pedestrian, a minor, had used the sidewalk several times a day and had observed the rough, uneven and bad condition of the sidewalk but had never actually seen this hole from which a brick had been displaced, immediately in front of her home. The accident happened between six and seven o'clock in the evening on October 28, 1952. It was dusk but all parties testified that they could see the condition of the sidewalk and the two star witnesses testified that they saw clearly the pedestrian when she stumbled and fell when they were standing 175 feet from where the accident occurred. These two witnesses, Mr. and Mrs. Wetherington, gave uncontradicted testimony that the pedestrian was not running but was walking slightly fast when she fell. After she fell she did not get up until the Wetheringtons could walk the 175 feet to the place of the accident. The child's toe was not wedged in the hole but was still in it. She was a normal child but was very active, "more active than normal", and she had visited in the home of the Wetheringtons two or three times each week.
At the conclusion of the plaintiff's case, the city moved the Court for a directed verdict as follows:
"* * * on the ground that the testimony of all the witnesses shows that the plaintiff, Marian Stokes, is guilty of contributory negligence as a matter of law.
"I would point out to the court that it is admitted by all that the sidewalk upon which she fell is the sidewalk directly in front of her own house. Marian Stokes testified that she had passed over this sidewalk several times a day, daily, for a period from September 1st to October 28th and that she was aware that the sidewalk was rough but had never looked to see whether this hole existed or not.
* * * * * *
"The Court: I think it is not entirely clear, but I think it is a jury question because she said she never saw this hole and that she had been living there two months. So, I think it is a jury question. So, I will have to overrule your motion. All right, let them come back." (Emphasis supplied.)
The motion for new trial, which was denied, contained the following grounds:
"3. The court erred in refusing to direct a verdict for the Defendant at the close of the Plaintiffs' case.
* * * * * *
"5. The defect in the sidewalk was not latent or concealed, but patent and obvious, and the ordinary use of her senses by the Plaintiff Marian Stokes would have disclosed it to her, and her failure to observe the obvious and apparent condition of the sidewalk was contributory negligence as a matter of law."
We have referred to the testimony put on by the plaintiff. There is no conflict in such testimony. There is no dispute as to any material fact. In this case the defect in the sidewalk was not concealed but it was open, obvious and had been seen and observed by everyone who testified in the case except the plaintiff, and she used the sidewalk as much, if not more, than anyone else. She knew that the sidewalk was made of brick; she knew the tree was there; she knew the sidewalk was, like the "Appian Way", old, worn, in a very bad condition and uneven. She passed by this hole several times a day. If she didn't know it was there, it was her duty to know it. She was in a better position to know of the existence of the hole than agents or inspectors for the city. When the uncontradicted testimony of the plaintiff shows that the negligence of the plaintiff proximately contributed to the accident which caused the injuries, the defendant may take advantage of such a situation and move for a directed verdict, as was done in this case. The contributory negligence of the plaintiff as disclosed by the evidence was a complete bar to her recovery. Matson v. Tip *281 Top Grocery Co., Inc., 151 Fla. 247, 9 So.2d 366; Clyde Bar, Inc., v. McClamma, 152 Fla. 118, 10 So.2d 916; Tutwiler v. I. Beverally Nalle, Inc., 152 Fla. 479, 12 So.2d 163; Miller v. Shull, Fla., 48 So.2d 521; Kraver v. Edelson, Fla., 55 So.2d 179; Breau v. Whitmore, Fla., 59 So.2d 748; Earley v. Morrison Cafeteria Co. of Orlando, Fla., 61 So.2d 477; Bowles v. Elkes Pontiac Co., Fla., 63 So.2d 769; Feigen v. Sokolsky, Fla., 65 So.2d 769.
It is quite true that contributory negligence is a question of fact on which the city may have the burden of proof. This statement, however, must be limited. If the uncontradicted testimony of the plaintiff shows the contributory negligence, then there is no liability and it is not necessary for the city to put on any proof of such negligence. It is a question of fact to be determined by a jury only when there is a genuine dispute about material facts. If there is no dispute then the question of contributory negligence becomes a question of law and not of fact.
In the case of Faulk v. Parrish, Fla., 58 So.2d 523, we attempted to eliminate the confusion with reference to this matter and some of the inconsistent statements which had so frequently appeared in many opinions. In that case we held that where the evidence offered at the time of the trial by the plaintiff is uncontradicted and shows that the contributory negligence of the plaintiff proximately caused the accident and injuries, only a question of law is presented and there is no question of fact to be submitted to the jury. There is no necessity for the defendant to offer proof of contributory negligence when the uncontradicted testimony of the plaintiff shows that there was such contributory negligence. The defendant may take advantage of the situation when the uncontradicted testimony of the plaintiff shows contributory negligence by a motion for a directed verdict.
In the case of Matson v. Tip Top Grocery Co., Inc., supra, we held the danger was not hidden and that the plaintiff owed to herself the duty to observe the obvious and apparent condition of the premises. In the case of Miller v. Shull, supra, the same doctrine was applied.
In the case of Earley v. Morrison Cafeteria Co. of Orlando, supra, this Court, speaking through Mr. Justice Roberts said [61 So.2d 478]:
"`* * * The duty which the plaintiff owes to herself is to observe the obvious and apparent condition of the premises.'"
In this case it is clear that the plaintiff knew that the sidewalk in question was a brick sidewalk, in a very bad condition, and uneven. She admits she did not look where she was stepping; she took no measures whatsoever for her own safety; the condition was obvious and it was her duty to observe the obvious. Under such facts and circumstances there can be no liability on the part of the defendant to the plaintiff, and no recovery.
The appellees urge in their brief that the age of the child should excuse her of any duty to use any care for her own safety. The principle of law contended for by the appellees grew out of attractive nuisance cases and where it is shown in such cases that a minor is of such tender years or low mentality as not to appreciate danger, his contributory negligence may be excused. That doctrine has little, if any, application in this case. There is no contention that the minor child was not intelligent or that she was of low mentality. There is no contention that she was blind and could not see. The testimony is that she is between twelve and thirteen years of age. She was normal and very active for a normal child of that age. The sidewalk is not an attractive nuisance but was a rough, brick sidewalk over which she passed several times a day. Her own testimony shows that she knew of the rough and bad condition of the sidewalk. Her testimony shows her to be an intelligent individual. The Court permitted the minor in this case to testify fully and made no finding of any kind that her age, mentality or training excused her for her failure to observe the obvious. The Chancellor's only comment was, "* * * I *282 think it is a jury question because she said she never saw this hole and that she had been living there two months."
In the case of Dupuis v. Heider, 113 Fla. 679, 152 So. 659, 661, this Court said:
"Age is not the determining factor always on the question of the capability of exercising care. If a person is capable, by reason of mentality, intelligence, experience, training, discretion, alertness, of exercising care in a given situation, he is amenable to the consequences of his contributory negligence in a transaction resulting in his injury. * * *
* * * * * *
"On the question of the contributory negligence of the plaintiff, we fail to find any evidence to support the theory that either his age, mentality, or training was such as to render him incapable of appreciating the danger and of caring for himself in the circumstances. * * *"
In Newby v. West Palm Beach Water Co., Fla., 47 So.2d 527, 528, a child nine years of age was involved and the Court said:
"The attractive nuisance doctrine may protect one against another's negligence, but it does not presume to protect him against his fault, bad luck, improvidence or misfortune. As much as we may sympathize with the victims of these concepts, the law nor the welfare state have yet devised a means to compensate for them. * * * Legal remedies should not be confused with Good Samaritan impulses. * * *"
See also Teddleton v. Florida Power & Light Co., 145 Fla. 671, 200 So. 546; Connell v. Petri, 159 Fla. 67, 30 So.2d 922.
In this case, there was no contention that age excused the claimant from her own negligence until it appeared in her brief. The record does not show that it was an issue in the Court below.
The case should be reversed, with directions to set aside the order denying motion for new trial and for further proceedings in accordance with this opinion.
ROBERTS, C.J., and TERRELL, J., concur.