## STEIN, et al v. CITY OF MIAMI BEACH.

Circuit Court, Dade County.

June 24, 1955.

William I. Brenner, Miami Beach, for appellant.

Roland W. Granat, Miami Beach, for appellee.

STANLEY MILLEDGE, Circuit Judge.

This is an appeal from a summary judgment against the plaintiff, a child in a case involving the charge of negligence in the operation of a public swimming pool. The trial judge based his summary judgment on a finding of fact that the plaintiff was "exceptionally intelligent for his age and therefore should have been aware of the shallowness of the water in that section of the pool where he did his dive." It seems to me that the summary judgment holds the plaintiff guilty of contributory negligence. The appellee, apparently to avoid the applicability of City of Jacksonville v. Stokes (Fla.), 74 So. 2d 278, contends that the judgment can be sustained as deciding that the proximate cause of injury was the boy's own conduct rather than the city's failure to warn. This is merely playing with words.

It is hard to conceive of a question more peculiarly one of fact than whether a child possesses sufficient *awareness of danger* to be charged with responsibility for his own harm. The question is not merely one of ascertaining intelligence but of experience and the evaluation of experience with danger. Whether the bar to plaintiff's recovery is because his own carelessness was the sole or a contributing cause is irrelevant to the present inquiry.

The question, either way, is whether the child possesses sufficient maturity of judgment to be legally chargeable by his conduct. Regardless of how similar conduct would be considered in an adult, a child cannot be considered careless, unless he possesses the ability to distinguish care from carelessness.

A cat can usually cross a busy street safely but a small child, although vastly superior in intelligence, cannot. Perhaps one of the most difficult of fact finding operations is to ascertain existence of a mature judgment as to danger. I think that the child is entitled to have the opportunity of putting on his full case on this question; to introduce several witnesses and not limited to his own testimony; to have his own testimony listened to, not merely read, in order to be observed by the trier of the facts. Above all, he is entitled to have the decision of fact made by a jury, for although witnesses do not contradict each other on the question of the child's maturity of judgment, the evaluation of the testimony, being a function about which reasonable men might differ, is one for the jury. A jury does not merely decide which witnesses are lying and which tell the truth, but it decides which of several inferences deducible from uncontradicted facts shall be accepted and the others rejected. In my opinion the Stokes case controls the present case.

The summary judgment is reversed. It is ordered that the case proceed to trial in the usual manner.