100 So.2d 804 (1958)
Marian K. SCHWEIKERT, Joined by her husband, William F. Schweikert, Appellants,
v.
PALM BEACH SPEEDWAY, INC., Appellees.
Supreme Court of Florida.
February 26, 1958.
Rehearing Denied March 21, 1958.
Prebish & DuVal, Miami, for appellants.
*805 Paul T. Douglas, West Palm Beach, and Arthur W. Primm, Miami, for appellees.
ROBERTS, Justice.
This is an appeal by plaintiffs from a jury verdict and judgment in favor of defendant entered in a suit filed by plaintiffs to recover for injuries sustained by the plaintiff wife, Mrs. Schweikert, while attending an automobile race at defendant's track.
The seats in the stadium provided by defendant for the use of spectators were bleacher-type, consisting of two 2" x 6" wooden boards of varying lengths, nailed to wooden posts embedded in concrete. It was shown that the concrete flooring on each tier of seats was roughly finished and usually cluttered with empty beverage bottles and cans discarded by the spectators during the race meet, and that it was the custom of many patrons to walk from seat to seat in descending from their seats in the stadium to the exit, rather than to use the aisles.
The Schweikerts' son, a participant in the races, was involved in an accident on the track. After the "all clear" signal, indicating that no one was injured, was given, Mrs. Schweikert left her seat and descended toward the exit by stepping from seat to seat. She fell near the bottom and was seriously injured. According to the evidence adduced in her behalf, her fall was caused by a rotten board in a seat, which collapsed when she stepped on it.
The cause was submitted to the jury on the issues of the negligence of the defendant and the contributory negligence of Mrs. Schweikert. As noted, the jury found in favor of the defendant.
On this appeal, Mrs. Schweikert contends among others, that the trial judge erred in refusing to give a requested instruction with reference to the theory of liability relied on by her, which was, in effect, that the defendant had a duty to maintain its bleacher seats in a reasonably safe condition for use by its patrons not only as seats but also as steps in proceeding to and from the exit or to another part of the stadium. The basic theory of liability relied upon by plaintiff is sound, as it is now settled law in this state that the duty of the proprietor of a place of amusement to keep his premises and appliances reasonably safe for use by his patrons extends not only to the ordinary use for which they were intended but also to the customary use made of them by the patrons with the knowledge of the proprietor. See Brightwell v. Beem, Fla. 1956, 90 So.2d 320, and cases and authorities cited. In deference to the learned trial judge, it should be noted that the Brightwell case was decided subsequent to the trial of the instant case.
The difficulty here, however, is that the charge requested by plaintiffs was, at least, an imperfect expression of the theory here contended for and contained, as well, language not appropriate to that theory. The trial judge did not therefore, err in refusing to give the requested instruction, as phrased by plaintiffs. Whether his failure to give any instruction with reference to this basic theory of liability misled the jury and resulted in a miscarriage of justice is a difficult question. See Miami Coca-Cola Bottling Co. v. Mahlo, Fla. 1950, 45 So.2d 119, 120, for an excellent discussion of the duty of the trial judge to charge the jury on "the law of the case", Sec. 54.17, Fla. Stat. 1957, F.S.A., in the absence of a specific request, and the reasoning of the court, speaking through Mr. Justice Thomas, in deciding a similar question.
Here, the charge requested by plaintiffs, though improper, did contain the germ of the legal theory relied upon by them. Moreover, the record shows that the jury, after deliberating for over an hour, asked for further instructions because they were "in difficulties about * * * the proper use of public facilities," meaning "the stadium out at the race track", as revealed by the court's interrogation. In the context *806 of the facts of this case, the jury's inquiry could have stemmed only from a doubt as to the respective rights and duties of the spectators and the defendant with reference to the use of the seats as steps. The trial judge's instructions following the jury's request did no more to enlighten the jury on this point than his earlier charges.
The evidence adduced by plaintiffs was sufficient to support a charge with reference to the theory of liability relied upon by them; and even if it be assumed that there was any substantial conflict in the evidence respecting the cause of Mrs. Schweikert's fall (arising solely from the negative testimony of witnesses that they looked but did not see a broken seat near where Mrs. Schweikert was sitting after the accident) such a charge would still have been proper. "Where the evidence is inconclusive or conflicting, the failure of the trial judge to provide a charge which lays down standards for the jury to follow under varying permissible views of the evidence constitutes reversible error." Holley v. Kelley, Fla. 1957, 91 So.2d 862, 864.
In the circumstances of this case, we think the trial judge's failure to charge the jury in accordance with the plaintiff's theory of liability, even though not properly requested, comes very close to being reversible error.
But the plaintiffs have also complained of the denial of another charge requested by them, reading as follows:
"A place where the public is invited for purposes of business should be safe for such members of the general public, and where there is no warning or occasion to anticipate or to apprehend danger in using the premises, the general public is not required to be extra careful to look for dangers while walking on the premises.
The trial judge denied this charge and gave the following charge requested by defendant, reading as follows:
"A proprietor of a public place has the right to expect that a business invitee will perceive that which would be obvious to her upon the ordinary use of her own senses. If she should have equal notice of any alleged defects in the construction of the bleachers or if she should have seen the condition which would be obvious to her, then if she fails to see it, or does not see it, she is guilty of such negligence as will preclude her recovery from the defendant."
The language of the instruction requested by plaintiff is taken almost verbatim from the opinion of this court in Sears, Roebuck & Co. v. Geiger, 123 Fla. 446, 167 So. 658, involving an obstruction in a store aisle. And in Rainbow Enterprises v. Thompson, Fla. 1955, 81 So.2d 208, 211, in which the defendant was charged with failure to maintain a stairway in a safe condition or in the alternative failure to warn of an alleged dangerous condition, this court held that, when considered along with other instructions given, it was not error to charge the jury that "one lawfully walking upon a stairway to which she has been invited is not bound, at her peril, to discover and guard against an unsafe condition of the stairs she is traversing, if you find that one existed, even though had her attention been directed to such unsafe condition she could have readily avoided it." See also Dempsey-Vanderbilt Hotel v. Huisman, 1944, 153 Fla. 800, 15 So.2d 903.
The evidence adduced by plaintiff made out a case somewhat similar to that in the Rainbow Enterprises case; and in view of the trial judge's specific charge respecting Mrs. Schweikert's obligation to observe an obvious danger, it would seem that in all fairness he should have given the charge requested by plaintiffs.
The other questions argued here by plaintiffs have been considered and no reversible error found.
In the circumstances recounted above, we think the ends of justice would be best *807 served by resubmitting to the jury, under appropriate instructions, the issues in this case. Accordingly, the judgment is reversed and the cause remanded for a new trial.
Reversed and remanded.
TERRELL, C.J., and THOMAS, HOBSON and O'CONNELL, JJ., concur.