HOBSON, Justice (Ret.)
(dissenting).
This case is here on a petition for cer-tiorari bottomed upon the theory of con *826 flict and directed to the District Court of Appeal, Third District. The facts are made quite clear in the majority opinion. An able dissenting opinion by Associate Judge Milledge also enucleates the factual background.
The point of cleavage appears to stem from diametrically opposite views concerning the application of established law to the facts. The majority decision concludes that the respondent, (defendant at the trial level) was not shown by the evidence as a matter of law to have been guilty of actionable negligence and that one of the petitioners, a 15-year old boy who is the real party in interest, was guilty of contributory negligence as a matter of law. In his dissent Associate Judge Milledge takes issue with the majority on both predicates.
Petitioners contend that the challenged opinion of the District Court of Appeal is in direct conflict with many prior decisions of the Supreme Court of Florida, notably Schweikert v. Palm Beach Speedway, Fla., 100 So.2d 804; Brightwell v. Beem, Fla., 90 So.2d 320; Bagdad Land & Lumber Co. v. Boyette, 104 Fla. 699, 140 So. 798; City of Jacksonville v. Stokes, Fla., 74 So.2d 278, and Ryan v. Unity, Inc., Fla., 55 So.2d 117.
The controlling bipartite query here presented is whether there is competent substantial evidence which if believed by the jury (as it undoubtedly was) is sufficient as a matter of law to establish actionable negligence on the part of the respondent and whether there is competent substantial evidence which if believed by the jury (as it also obviously was) is sufficient as a matter of law to establish that the minor, Lawrence Kegan, was not guilty of contributory negligence.
If the facts as shown on the face of the opinions filed in the District Court of Appeal justified the submission of this case to a jury for its determination there can be no doubt that the decision in this case is in direct conflict with the consistent holdings of this Court to the effect that where there is a conflict in the testimony in a common law tort action and there is competent substantial evidence which if believed by the jury establishes negligence as well as an absence of contributory negligence such case must be tendered to the jury and not decided by the presiding judge or more certainly an appellate court as a matter of law.
I have carefully considered the opinions, prepared and filed by the District Court of Appeal and which have been published in Biltmore Terrace Associates v. Kegan, (May 29th, 1961), Fla.App., 130 So.2d 631, and have concluded that the facts set forth without contradiction in these opinions show that this case was properly submitted, to the jury.
The challenged decision of the District Court of Appeal is in direct conflict on the same point of law with the decision of this Court in the case of Schweikert v. Palm Beach Speedway, Fla., 100 So.2d 804, wherein we held that the duty to keep premises in reasonably safe condition for use by business invitees “extends not only to the ordinary use for which they were intended but also to the customary use made of them by the patrons with the knowledge of the proprietor." (Italics supplied.) The District Court of Appeal decision recognizes only the “intended use” rule and sloughs over the “customary use” rule. There is sufficient evidence according to the opinions filed in this case to require the invocation of the “customary use” rule declared in Schweikert. I agree with the observation of counsel for petitioners: “The holding below that no duty of care exists regarding known but unintended uses, places our trial judges in a quandary. If they follow the decision below, they must refuse to follow Schweikert. If they follow Schweikert they must ignore the decision below.” Cf. Mangus v. Present,. Fla.1961, 135 So.2d 417. See also Brightwell v. Beem, Fla., 90 So.2d 320; Tyus v. Apalachicola Northern R. Co., Fla.,. 130 So.2d 580.
*827 The confusion in the case law of this ‘State which is suggested by counsel for petitioners and the enigma created thereby become all the more poignant upon a consideration of the facts disclosed by the District Court of Appeal in its published opinion. It is not necessary for this Court, our trial judges or members of the bar to “dig into” the transcript of the testimony ■to determine that evidence was presented which' if believed by the jury (the trier of the facts) was sufficient predicate for that 'body’s verdict. This being true confusion in the case law is inevitable.
We have held that the primary purpose of the “conflict” provision in amended Article V of the Florida Constitution is to avoid confusion and to maintain uniformity in the case law of this State.[1] Again in speaking of this Court’s jurisdiction under amended Article V, we said: “The new article embodies throughout its terms the idea of a Supreme Court which functions as a supervisory body in the judicial system for the State, * * [2] If these pronouncements are to be considered in all ■their “stark significance” it would appear that this Court has been neglectful of its avowed duty in refusing to take jurisdiction in this case.
The fine line of distinction, if indeed there is any, between confusion and conflict is more than difficult to establish. However since, as we held in Sunad, Inc. v. City of Sarasota, Fla., 1960, 122 So.2d 611, obiter dictum which creates uncertainty and confusion in the case law of Florida is a proper basis for the exercise of our jurisdiction on the conflict theory, the conclusion is inescapable that we should, for the sake of consistency and uniformity here and now hold that we may exercise •our jurisdiction to avoid confusion in the law in those cases where there appears to be a real and urgent reason to clear up such confusion in order to promote the efficient administration of justice and provide stability and certainty in the law.
It should be borne in mind that the District Court of Appeal did not hold the verdict of the jury to be against the manifest weight of the evidence. On the contrary that Court held, although testimony was presented by petitioners which demonstrated “the customary use made of them [the hotel premises and facilities] by the patrons with the knowledge of the proprietor” (italics supplied), nevertheless such evidence, as a matter of law, was an insufficient basis for submission of this case to the jury — thus creating a direct conflict on the same point of law with our decision in Schweikert v. Palm Beach Speedway, supra.
Moreover it is quite clear that the District Court of Appeal in this case failed to apply the competent substantial evidence rule and by such dereliction generated a definite conflict with many of our prior decisions.
The decision to which the petition for certiorari herein is directed specifically applies to a minor the rule of contributory negligence as a matter of law which has been pronounced heretofore only with reference to adults. Indeed, said decision announces a wholly antagonistic conclusion to the decision of this Court in Bagdad Land & Lumber Co. v. Boyette, 104 Fla. 699, 140 So. 798, 800, wherein we stated: “Children, are necessarily lacking in the knowledge of physical causes and effects which is usually acquired only through experience. They must be expected to act upon childish instincts and impulses, and must be presumed to have less ability to take care of themselves than adults have. Therefore, in cases where their safety is involved, more care is demanded than toward adults, and all persons who are *828 chargeable with a duty of care and caution toward them must consider this and take precautions accordingly. * * * ” It is admitted no warning of any kind was given by written sign or vocally by any lifeguard, for none was on duty.
I agree with the excellent opinion of Associate Judge Milledge wherein he states:
“Sixth, ‘The question of the child’s prudence and judgment is itself a question of fact,’ and therefore for the jury. City of Jacksonville v. Stokes, supra, in which the opinion noted that counsel had cited no case and the court was aware of none in which the contributory negligence of a child has been decided as a matter of law. I question whether ever before have appellate judges, who never saw or heard the minor plaintiff, decided how much intelligence and judgment he had. At least when the plaintiff is an adult we can measure his conduct against the mythical ‘reasonable man’ but when the question is whether an infant plaintiff has used due care for his own safety, there is no such standard. The degree of maturity of judgment of the particular child must be specifically determined by the trier of the fact. * * * ”
This Court has jurisdiction herein because the decision of the District Court of Appeal is in direct conflict with several prior decisions of the Supreme Court of Florida.
I would hold that, although there is conflict in the testimony, there are facts recited in the published opinion of the District Court of Appeal which if, as patently they were, believed by the jury were sufficient to establish actionable negligence on the part of the respondent and a lack of contributory negligence upon the part of the 15-year old boy, Lawrence Kegan. The questions presented herein were definitely for the jury under our jealously guarded provision for trial by jury.
Philosophically I am impelled to observe that in recent years there appears to be a tendency for some reason [3] to dis-o parage our time-honored system of trial by jury by deciding cases, as a matter of law, which ordinarily have heretofore been considered jury cases. It is conceivable that this trend if carried to the ultimate will eventually result in the destruction of the jury system by judicial fiat.[4] The jury system may not be perfect but it has been since the long, long ago the only system under which a nation of free people can fairly and with a reasonable degree of assurance exist.
The decision of the District Court of Appeal should be quashed with direction that the judgment consequent upon the verdict of the jury be reinstated.
ROBERTS, C. J., and TERRELL, J., concur.

. N. & L. Auto Parts Co. v. Doman, Fla., 117 So.2d 410, Board of Commissioners of State Institutions v. Tallahassee Bank & Trust Co., Fla., 116 So.2d 762; Tyus v. Apalachicola Northern R. R., Fla., 130 So.2d 580, 587.

. Ansin v. Thurston, Fla., 101 So.2d 808, 810.

. Perhaps one of the reasons is the somewhat recently developed propensity of juries in tort cases to render large verdicts which might be considered unconscionable. There is, of course, an avenue open even on appeal to rectify excessive verdicts of juries. It is interesting to note that in this case there is no assignment of error on this point.

. Just another small but certain step in this thought provoking period of modernity toward the ultimate destruction of our individual constitutianal guaranties and our envied and cherished form of government which the founding fathers intended should be, and remain, inviolate forever.
It is almost too late to inquire, what is happening? Perhaps the more appropriate query now is, what hath been wrought? Unless an awakened and aroused electorate, composed of freedom loving citizens of our great country, bestirs itself the inevitable is obvious. “Only that day dawns to which we are awake.” Henry David Thoreau, Walden, XVIII, Conclusion.