SCHWARTZ, Judge.
The summary final judgment entered below in favor of the defendants, B. F. Goodrich Co. and Norton Tire Co., which is on appeal in case no. 78-2307, is reversed. Not only did the movants fail affirmatively and conclusively to establish the absence of liability as a matter of law, but the expert affidavit submitted in opposition to the motion demonstrated the existence of unresolved issues of material fact. Holl v. Talcott, 191 so.2d 40 (Fla.1966); see Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977); Visingardi v. Tirone, 193 So.2d 601 (Fla.1966).
In case no. 78-2308, the plaintiffs seek review of a “partial final summary judgment” in favor of a co-defendant, Ford Motor Company. The order in question granted summary relief only as to the claims of strict liability and breach of implied and express warranty, which constituted some, but not all, of the theories of liability asserted against Ford; the court specifically reserved ruling on- the negligence count. Since all the counts were based on the same factual circumstances, those disposed of are not separable and distinct from the one which remains. Hence, the order in question is not appeala-ble and case no. 78-2308 is dismissed. McClain Construction Corp. v. Roberts, 351 So.2d 399 (Fla. 2d DCA 1977); Venezia A., Inc. v. Askew, 314 So.2d 254 (Fla. 1st DCA 1975), cert. denied, 333 So.2d 465 (Fla.1976); see Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla.1974).[1]
Reversed and remanded; appeal dismissed.

. Because the rulings contained in the Ford Motor Company order are not final and are therefore subject to subsequent reconsideration in the trial court, we observe, by way of dic-turn, that the materials presented in support of and in opposition to Ford’s motion for summary judgment were similar to those involved as to B. F. Goodrich and Norton Tire.