835 So.2d 284 (2002)
Iris MACHIN, etc., Appellant,
v.
WALGREEN CO. a foreign corporation, Appellee.
No. 3D01-3432.
District Court of Appeal of Florida, Third District.
November 27, 2002.
Rehearing, Rehearing and Certification Denied January 31, 2003.
Friedman & Friedman; Lauri Waldman Ross, Miami, for appellant.
Walton Lantaff Schroeder & Carson and Kenneth L. Valentini and Jenessa M. Billone, for appellee.
Before COPE, FLETCHER and LEVY, JJ.
Rehearing, Rehearing En Banc and Certification Denied January 31, 2003.
FLETCHER, Judge.
Iris Machin, on behalf of her daughter Melanie, has appealed a final judgment, arguing that there was insufficient evidence to support the assessment of 45% comparative negligence on part of Machin. We affirm the final judgment.
Machin took her 3-month-old daughter to her pediatrician for treatment of a mouth ailment. The pediatrician diagnosed Melanie as having thrush, a common *285 children's yeast infection, for which she prescribed Nystatin, an antifungal oral suspension. Machin took the prescription to a Walgreen pharmacy to be filled. The Walgreen pharmacist incorrectly dispensed Triotann, the generic substitute not for Nystatin, but for the antihistamine-decongestant Rynatan. Along with the Triotann dispensed to Machin, the Walgreen's pharmacist provided Machin with a data sheet advising that she was receiving Triotann and that it is a generic substitute for Rynatan. Nowhere on the data sheet (or the medicine container) did there appear the name Nystatin.
Machin gave the erroneously dispensed medicine to her daughter without first assuringby reading the data sheet or having it read for her[1]that the actually dispensed medicine was the one her pediatrician prescribed. Melanie stopped eating and developed sleep problems. The thrush worsened. When this was reported to the pediatrician she discovered that the Walgreen pharmacist had dispensed the wrong medication. Removed from the wrong medication and properly treated, Melanie's thrush infection disappeared quickly, but she continued to experience a lack of appetite and sleeping disorders for months thereafter.
At trial Walgreen contended that Machin was negligent by paying no attention to the data sheet, an examination of which would have quickly informed Machin that the prescription was not what the doctor ordered. Machin testified that she trusted her pediatrician and the pharmacy and therefore had no duty to do anything to assure that she was feeding her child the correct medicine. The jury found Machin comparatively negligent to the extent of 45% fault for her daughter's condition. The trial court denied Machin's renewed motion for directed verdict and entered judgment accordingly.
First, we state the obvious: that parents have a constant and continuous duty as ordinary, prudent persons to watch over, supervise, and protect their children who are too young to exercise judgment to care for themselves. Orlando Sports Stadium Inc. v. Gerzel, 397 So.2d 370 (Fla. 5th DCA 1981). Persons chargeable with a duty of care and caution toward children must take the precautions which are available to them. Bagdad Land & Lumber Co. v. Boyette, 104 Fla. 699, 140 So. 798 (1932). Here, Machin was clearly in the position to assure that the dispensed medication was that prescribed by the pediatrician. She was handed a document, Walgreen's data sheet, containing the information that would have informed her that the medicine dispensed was not the right one. The name Nystatin was not to be found on the data sheet, whereas the name Rynatan and its generic, Triotann, were. The principal purpose of such data sheets is to inform the purchaser which medicine is being placed in his or her hands so that the purchaser can be assured that the prescription has been filled properly.
Machin also contends that she was not negligent because she was not aware of the name of the medicine prescribed by the pediatrician. This does not relieve her from her parental duty. It was incumbent upon her to take the simple steps of inquiring of the pediatrician the name of the prescribed medicine, checking the data sheet and the container of the actually dispensed medicine, then contacting her pediatrician when *286 she discovered (as she would have done) the discrepancy.
We are not here faced with a situation in which a pediatrician prescribed the wrong medicine, which would have given the parent little or no opportunity to assure that the child was receiving the correct medicine. Rather we are dealing here with a situation in which the parent had the clear opportunity to perform her parental duty but did not do so. Accordingly we affirm the final judgment.
Affirmed.
NOTES
[1] Machin does not read or speak English, a fact which does not dilute or negate any duty she has toward Melanie.