SCHWARTZ, Chief Judge.
Fourteen year old Paola Adjiman was seriously injured and ten year old Man Adjiman was killed when a minivan driven by their father Dario Adjiman was involved in an intersection collision and they were thrown from the vehicle. Their representatives sued their father on theories both that he had negligently operated the vehicle and that he had negligently failed to insure that the children had fastened their seatbelts.[1] This is an appeal from orders which struck those portions of the complaint which dealt with the latter theory for failure to state a cause of action. Because, however, the negligent operation claim seeking the same relief remains pending in the trial court, the order striking the seatbelt theory of relief is not subject to review at this time. Mendez v. West Flagler Family Ass’n, 303 So.2d 1 (Fla.1974); Vila v. B.F. Goodrich Co., 383 So.2d 766 (Fla. 3d DCA 1980).
Accordingly, the appeal is dismissed entirely without prejudice to appropriate appellate review of the issue presented on appeal from a reviewable final judgment.
Appeal dismissed.

. This theory was, in turn, founded on dual claims that the duty to do so arose both from the common law, see Insurance Co. of North America v. Pasakarnis, 451 So.2d 447 (Fla.1984); Machin v. Walgreen, 835 So.2d 284 (Fla. 3d DCA 2002); Dellapenta v. Dellapenta, 838 P.2d 1153 (Wyo.1992) and by statute, see § 316.614, Fla. Stat. (1997)("(4) It is unlawful for any person: (a) To operate a motor vehicle in this state unless each passenger of the vehicle under the age of 16 years is restrained by a safety belt or by a child restraint device pursuant to s. 316.613....”).